[No. 2630–3. Division Three. May 12, 1978.]

*In the Matter of the Personal Restraint of*
MALCOM G. LUNDEEN, *Petitioner.*

*Hackney, Wasson & Delaney* and *Paul J. Wasson II,* for petitioner.

*Paul Klasen, Prosecuting Attorney,* and *Ken Jorgensen, Deputy,* for respondent.

MUNSON, C.J.—Malcom G. Lundeen seeks relief from personal restraint imposed by a conviction for the crime of obtaining money from a restaurant with intent to defraud (RCW 19.48.110) entered upon a plea of guilty. Mr. Lundeen contends his guilty plea was not intelligently and voluntarily made with knowledge of the consequences. We vacate the plea and remand for further proceedings.

Mr. Lundeen alleges three grounds for the relief sought:

1. His trial attorney told him before he went to court that his maximum sentence would be 5 years. The court, however, when accepting the plea did not tell him about a maximum sentence. In fact, the maximum sentence was 10 years.

2. The statement of defendant on plea of guilty was not prepared by him or with his knowledge and approval, and the words in paragraph 13 of the written statement describing the crime are not his own words. His trial attorney must have prepared defendant's statement because Mr. Lundeen has only a sixth-grade education and cannot write well. In addition, the words are typed and he does not type.

3. Mr. Lundeen never saw the first two pages of the three-page guilty plea statement before going to court, and did not know the content of those two pages.

It is reversible error for a trial court to accept a guilty plea without an affirmative showing in the record that the plea was made intelligently and voluntarily. *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969); *In re Vensel,* 88 Wn.2d 552, 564 P.2d 326 (1977); *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976). In *Wood v. Morris, supra* at 511, the court stated:

> Thus, the trial judge must make direct inquiries of the defendant as to whether he understands the nature of the charge and the full consequences of a guilty plea. Although not required by the constitution as we read *Boykin v. Alabama, supra, under our rule of court the*

*record of the plea hearing, unsupplemented by any evidence extrinsic to that record, must show on its face that the plea was entered voluntarily and intelligently.* When ascertainment of knowledge and voluntariness is made at a later post–conviction hearing, "greater uncertainty is bound to exist since in the resolution of disputed contentions problems of credibility and of reliability of memory cannot be avoided. . . .' . . . There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him." *McCarthy v. United States,* [394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969)] at 470.

(Some italics ours.)

In the present case, the written statement of defendant on plea of guilty recites the underlying facts of the offense, and states that the maximum prison sentence is 10 years. The report of proceedings of the guilty plea hearing,[1] however, indicates the court did not personally advise Mr.

---

[1]The following constitutes the record on plea of guilty:

"THE COURT: Mr. Mel Lundeen, is that your true name?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand the nature of the charge against you?

"THE DEFENDANT: Yes.

"THE COURT: And you have discussed it with your attorney, Mr. Schultheis, have you?

"THE DEFENDANT: Yes.

"THE COURT: He has advised you—

"THE DEFENDANT: Pardon?

"THE COURT: He has advised you in this matter, your lawyer has?

"THE DEFENDANT: He told me about it.

"THE COURT: All right. What is your plea?

"THE DEFENDANT: I will plead guilty.

"MR. KLASEN: Let the record show we are going to waive the reading. I have given him a copy of the information.

"MR. SCHULTHEIS: Yes, we will waive the reading of the information, Your Honor. And we are prepared to enter a written plea at this time with regard to the charge, and the plea is guilty.

"THE COURT: All right.

"MR. SCHULTHEIS: *I will file with the clerk one executed statement of that plea,* and furnish the prosecutor another copy of this.

"There is one blank that is not filled in, which is on page 2, item number 12, which is with reference to a minimum term. And it is my opinion, as I read the

Lundeen of the maximum sentence at the time he entered his plea. Nor did the court inquire personally of him as to the underlying facts of the offense. *Cf. State v. Durham,* 16 Wn. App. 648, 559 P.2d 567 (1977). The court merely inquired whether he understood the nature of the charge against him, and whether his attorney advised him in the matter. We note the prosecuting attorney asked the court if it needed any further information, but the court did not inquire further.

The prosecutor attempted to fill the gap in this post-conviction proceeding by submitting the affidavit of Mr. Lundeen's trial counsel. However, the above quoted language from *Wood v. Morris, supra,* indicates CrR 4.2 does not permit examination of extrinsic evidence for the purposes of determining the validity of this plea.[2] This post-conviction proceeding could have been avoided if the trial judge had made a more complete record at the time the defendant pleaded guilty to the amended information. But

---

statute, that there is no minimum term provided for this particular offense, as this form provides. And that is then to be stricken, I guess, and initialed by this defendant?

"MR. KLASEN: Yes. There is no minimum time—let me put it this way: There is no minimum minimum time.

". . .

"MR. KLASEN: Is there any question about item—I haven't seen what he—does the Court need any—I think the statement in Paragraph 6 is sufficient—or 7, as to what he did.

"MR. SCHULTHEIS: Paragraph 13 outlines the details of the charge, Your Honor.

"MR. KLASEN: Does the Court need any further information?

"THE COURT: No.

"MR. KLASEN: Fine.

"This was scheduled for jury trial on Wednesday morning, Your Honor. So, if the clerk will strike it from the calendar for Wednesday morning.

"MR. SCHULTHEIS: Thank you, Your Honor.

"(Court adjourned as to this matter.)"

[2]We are convinced, however, that Mr. Lundeen's trial counsel did advise him of the maximum term and provided the entire 3-page statement of defendant on plea of guilty to the defendant while he sat in the courtroom awaiting entry of his plea, as set forth in that attorney's affidavit.

this record is insufficient to show that Mr. Lundeen's plea was knowingly, voluntarily, and intelligently entered.[3]

The personal restraint petition is granted, the judgment, sentence and plea are vacated, and this matter is remanded to the trial court for further proceedings.

GREEN and McINTURFF, JJ., concur.

---

[3]For an appropriate guilty plea script, *see The State of Washington Judge's Bench Book (Criminal)* § 8.13 (1977). *See also* ABA Standards, Pleas of Guilty § 1.4 (1968).