[No. 5693–1.    Division One.    July 24, 1978.]

*In the Matter of the Welfare of*
MARCUS WAYNE REED.

*Hunter John* and *Richard A. Hansen* of *Seattle–King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Gordon S. Jones, Deputy,* for respondent.

WILLIAMS, J.—Marcus Reed appeals from an adjudication that he is a delinquent child under the provisions of RCW 13.04.010.

In the delinquency petition, Reed was charged with the following four counts, which were consolidated for the fact–finding hearing:

Count 1. Second–degree burglary (RCW 9A.52.030), allegedly committed on August 2, 1976.

Count 2. Unlawful use of a weapon (Seattle Criminal Code § 12A.17.140(1)(b) and 12A.01.150(7)), allegedly committed on April 17, 1977.

Count 3. Third–degree theft (RCW 9A.56.050), allegedly committed on February 17, 1977.

Count 4. Third–degree malicious mischief (RCW 9A.48-.090), allegedly committed on February 17, 1977.

The court found that Reed had committed each offense, was delinquent, and sentenced him to (1) make restitution of $150; (2) 100 hours of community service; and (3) 10 days in detention, suspended on the condition that he accomplish (1) and (2). He was ordered released to his mother.

Reed admitted the second–degree burglary charge (count 1) in this way:

[THE COURT] Now, we have the initial count [second–degree burglary] left Ms. Johnson. Did you propose to proceed with that?

Ms. JOHNSON: No, your Honor, it was my discussion with Mr. John that there was no, excuse me, contest on that matter but it was admitted. The reason it wasn't admitted and then proceed to multi–count disposition was because of the dispute as to count three and four. The burglary in count one was in which Mr. Reed was apprehended at the scene and there really was no question about him being responsible for it.

THE COURT: I see. Is this essentially correct Mr. John?

MR. JOHN: That's correct, your Honor.

THE COURT: All right. Is there then an admission to count one?

MR. JOHN: Yes there is, your Honor.

THE COURT: All right.

As to count 2, the evidence was that two Seattle police officers, Hargraves and Foley, were investigating a reported larceny in the Food Circus building of the Seattle Center. Because he matched the description of one of the suspects in the larceny, the officers approached Reed, who was sitting with some other youths near a balcony on the second level of the Food Circus. The officers, as they neared the group, saw that Reed held a set of metal nunchaku sticks, a martial arts weapon consisting of weighted sticks on a chain. When Officer Hargraves inquired about the weapon, Reed backed away and "made a menacing motion toward us [the officers] with those sticks." Asked to hand over the sticks, Reed responded by dropping them over the balcony to the main floor of the building.

The evidence as to counts 3 and 4 was that Reed broke the window of a parked car, denting the car in the process, reached inside and opened the door, and took a purse that was lying on the seat. The purse was never recovered. Another youth, who had initially been a suspect in the same theft, testified that he saw Reed break into the car and take the purse.

The first question is whether the court erred by allowing the four counts to be joined in one petition. Reed contends that the only counts that have any connection with one another are counts 3 and 4, and that joinder was prejudicial in that it allowed the finder of fact to use the evidence of one of the crimes to infer Reed's criminal disposition. He stresses that except for counts 3 and 4, the counts are wholly unrelated as to type of crime and date of occurrence. The State argues that the rules applicable to joinder in criminal trials are not binding in juvenile proceedings, where there is no jury and the rules of evidence are "more relaxed."

■ The adult rule is that joinder of two or more charges is not prejudicial where evidence of one crime is admissible to prove an element of the others and the joinder meets the criteria of RCW 10.37.060, which permits joinder of counts charging crimes based on the same or connected transactions, or crimes of the same class. *State v. Conley,* 3 Wn. App. 579, 476 P.2d 544 (1970). Here, there is no connection between count 1 and the other counts, between count 2 and the other counts, and between counts 3 and 4 and the other counts. However, it is not necessary to decide the extent to which adult rules of joinder apply because Reed waived his objections to joinder by failing to object at the delinquency hearing. *State v. Young,* 87 Wn.2d 129, 550 P.2d 1 (1976); *State v. Ficklin,* 190 Wash. 168, 67 P.2d 897 (1937).[1]

The second question concerns the adequacy and validity of Reed's guilty plea (admission) on count 1. Reed contends that he was denied due process because the court did not inquire as to whether the plea was intelligent and voluntary. *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976). We agree. Courts in other jurisdictions have held that most, if not all, of the due process protection afforded in criminal cases is required in juvenile delinquency proceedings. In California, for example, the rule is the same as that in criminal trials: before a plea of guilty may be accepted, the juvenile must affirmatively waive his privilege against self-incrimination and his right to confront his accusers, and such waiver will not be presumed from a silent record. *In re Michael M.,* 11 Cal. App. 3d 741, 96 Cal. Rptr. 887 (1970); *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). In Illinois, the *Boykin* rule of affirmative waiver is not required in juvenile cases; however, the Supreme Court of that state has held that it must appear from the record that the minor was aware of the consequences of his admission; that he understood his right

---

[1]Although it does not apply to this case, see the Juvenile Justice Act of 1977, RCW 13.40, which took effect on July 1, 1978. RCW 13.40.070 provides that an information alleging the commission of an offense by a juvenile shall "conform to chapter 10.37 RCW."

against self–incrimination, his right of confrontation, and his right to a trial; and that by his admission he waived these rights. *In re Beasley,* 66 Ill. 2d 385, 362 N.E.2d 1024 (1977).

■■ A knowing and voluntary admission must be established from the record or, when the record is inadequate, from clear and convincing extrinsic evidence. In the present case, the record, above quoted, does not tell whether Reed was aware of the consequences of his plea and intelligently and voluntarily waived his right to confront his accusers and his right against self–incrimination. Nor is there any extrinsic evidence to that effect. Accordingly, the burglary finding cannot stand. Reed's failure to raise this issue below does not preclude appellate review, inasmuch as the guilty plea question relates to his constitutional right to a fair trial. *State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968).

The third question is whether there is sufficient evidence to support the court's finding as to count 2. Reed contends that nunchaku sticks are not a deadly weapon within the meaning of Seattle Criminal Code § 12A.17.140 (1973):

> *Unlawful use of weapons.*
> (1) It is unlawful for anyone knowingly to: . . .
>
> . . .
> (b) . . . possess any . . . deadly weapon;

and 12A.01.150:

> (7) "Deadly weapon" means an explosive, firearm, or other weapon, device, instrument, article or substance, including a "vehicle" as defined in this section 12A.01.150, which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious bodily injury;

It is unnecessary to decide whether the mere possession of nunchaku sticks is a violation of the statute, *see State v. Tucker,* 28 Ore. App. 29, 558 P.2d 1244 (1977) (nunchaku sticks held to be "injury–inflicting instrument," even though not enumerated in statute), because in the present

case, one of the arresting officers testified that Reed actually threatened them with the weapon. That brings the case within the language of Seattle Criminal Code § 12A.01.150, which states that a weapon is "deadly" if it can cause death or serious bodily injury "under the circumstances in which it is used, attempted to be used, or threatened to be used, . . ." Reed, himself, testified that the sticks are capable of causing death or serious bodily injury. Therefore, there is sufficient evidence for the court to have found that Reed was guilty of unlawful use of a weapon in violation of the Seattle Criminal Code.

The fourth question is whether there is sufficient evidence in the record to support the findings of guilt in counts 3 and 4. There is.

The finding of guilt as to the second–degree burglary charge (count 1) is vacated, and the cause remanded for further proceedings on that count. In all other respects, the judgment is affirmed, except for the sentence, which shall be reimposed following disposition of count 1.

ANDERSEN, A.C.J., and McINTURFF, J., concur.