[No. 3699–2.   Division Two.   October 10, 1979.]

*In the Matter of the Welfare of*
KIRK N. BRYAN.

*John B. Midgley, Stan Taylor,* and *Jean Rietschel* of Institutional Legal Services, for appellant.

*Henry Dunn, Prosecuting Attorney,* and *Kenneth L. Cowsert, Deputy,* for respondent.

SOULE, J.—Defendant, by this appeal, challenges the validity of two guilty pleas entered in juvenile court. We sustain the challenges.

On July 11, 1978, Kirk Bryan, then aged 13, was charged with second–degree burglary. The charge was thereafter reduced to criminal trespass. The record before us does not disclose whether or not this was the result of a plea bargain. Defendant entered a plea of guilty in juvenile court on August 17, 1978. His written statement on plea of guilty is incomplete because section 10 thereof is blank. It contains no statement of the factual basis for his plea as required by JuCR 7.7. A report by a probation officer was filed setting out the basis for this charge as well as for a charge for an event occurring on August 11, 1978, but the record before us does not contain a verbatim report of proceedings so we are unable to ascertain whether or not defendant was interrogated by the court on August 17 concerning the factual basis of the criminal trespass charge. We note that the factual basis for the charge must be established on the date

when the plea is taken. It is not sufficient that it be established after the fact at the time of sentencing. *State v. Iredale,* 16 Wn. App. 53, 553 P.2d 1112 (1976).

On August 11, 1978, while the first charge was still pending, defendant was arrested and charged with taking a motor vehicle without the owner's permission. On August 24, 1978, he entered a plea of guilty. Again, the written plea statement was incomplete because section 10 did not set forth the factual basis for the plea. The verbatim report of proceedings for August 24 reflects the following:

> THE COURT: Kirk, it's alleged by information filed by the prosecuting attorney that on the 11th of August, 1978, that intentionally and without the permission of the Cowlitz PUD, the owner and person entitled to the possession therein, you did take and drive away a motor vehicle, a 1976 AMC Hornet, or with knowledge such vehicle had been unlawfully taken and voluntarily ride in said vehicle.
>
> How do you plead to that information, guilty or not guilty?
>
> KIRK BRYAN: Guilty.

The record discloses nothing further concerning the facts of the misdeed. Specifically, there is no further interrogation by the court or anyone else concerning the facts which formed the basis of the charge. There is reference, in passing, to the report of the probation officer which was filed on August 17, and which did contain some factual material. That officer, however, was not present on August 24. The portions of his report which were discussed in court related to his recommended disposition, rather than to the factual basis for either charge. There is nothing in the record to demonstrate that defendant was aware of the factual details set forth in the report.

Therefore, despite the substantial factual basis for the charges contained in the filed report of the probation officer, we are compelled by previous decisions to hold that both pleas are invalid because certain rules promulgated by

the Supreme Court were not observed. JuCR 7.6(b) provides: "The taking of a plea of an alleged juvenile offender is governed by CrR 4.2."

CrR 4.2(d) provides:

> The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

Each written plea statement does contain adequate information concerning the disposition possibilities, including the fact that the prosecutor was intending to ask the court for disposition outside the standard range. However, we have no verbatim report of proceedings on August 17, and the record of August 24 discloses no interrogation relating to the factual basis of the plea taken on that date. Further, no inquiry was made concerning its voluntary nature in either case.

The law formerly assumed that defense counsel would adequately advise his client of his rights and of the consequences of his plea of guilty as well as ascertain that a plea was entered voluntarily and intelligently. Such is no longer the case. In *Wood v. Morris,* 87 Wn.2d 501, 511, 554 P.2d 1032 (1976), the court said

> the trial judge must make direct inquiries of the defendant as to whether he understands the nature of the charge and the full consequences of a guilty plea.

Even where the written plea statement itself sets forth the underlying facts, which the ones before us do not, the trial judge apparently must still make his own inquiry. *In re Lundeen,* 20 Wn. App. 68, 578 P.2d 552 (1978). *See also State v. Durham,* 16 Wn. App. 648, 650, 559 P.2d 567 (1977).

The general rules for the taking of pleas apply equally to juvenile proceedings. *Cf. In re Reed,* 20 Wn. App. 745, 583 P.2d 1228 (1978).

■ Because the record before us fails to demonstrate affirmatively a factual basis for either plea based upon interrogation by the trial judge, or by defendant's own handwritten admission in his plea statements, or even that defendant was aware of the facts contained in the probation officer's report, we must hold them to be invalid. This cause is remanded with directions to vacate the pleas. Further proceedings may thereafter be undertaken looking toward reentry of the pleas of guilty or such other proceedings as may now be appropriate.

PEARSON, C.J., and REED, J., concur.