[No. 4055-1-III.   Division Three.   March 19, 1981.]

*In the Matter of the Personal Restraint of*
JIMMY R. TEEMS, *Petitioner.*

*Jimmy R. Teems,* pro se.

*Paul A. Klasen, Jr., Prosecuting Attorney,* for respondent.

McINTURFF, C.J.—Jimmy R. Teems seeks relief from personal restraint imposed by Grant County convictions of first degree burglary and second degree assault, both of which were entered upon his plea of guilty.

Mr. Teems asks that we vacate both convictions and dismiss the criminal charges against him because (1) the State improperly obtained evidence through illegal confessions and searches and seizures; (2) he was improperly denied pretrial release; (3) he was coerced into entering his plea; (4) he was not aware of the nature of the offense and consequences of his plea; (5) his counsel was incompetent; and (6) the trial judge was prejudiced against him.

Since most of Mr. Teems' allegations would be deemed waived if his guilty plea was validly entered, *see McMann v. Richardson,* 397 U.S. 759, 25 L. Ed. 2d 763, 90 S. Ct. 1441 (1970); *Garrison v. Rhay,* 75 Wn.2d 98, 449 P.2d 92

(1968); Annot., *Plea of Guilty as Waiver of Claim of Unlawful Search and Seizure,* 20 A.L.R.3d 724 (1968), we focus on the validity of the plea.

Recently, in *In re Keene,* 95 Wn.2d 203, 622 P.2d 360 (1980), the court specifically rejected the implication in *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976), that the trial court must make oral inquiries of the defendant to determine that he or she understands the nature of the offense and the consequences of pleading guilty in order for the plea to be constitutionally sound. *See also State v. Ridgley,* 28 Wn. App 351, 623 P.2d 717 (1981). *But see In re Lundeen,* 20 Wn. App. 68, 578 P.2d 552 (1978). Here, as in *Keene,* Mr. Teems signed a statement of defendant upon a plea of guilty in accordance with CrR 4.2(g) and acknowledged he had read it and had discussed it with counsel.[1] The written statement acknowledges that he was pleading guilty as charged in the information; therefore, as in *Keene,* he cannot complain he was unaware of the nature of the charges against him.

Furthermore, we find through an exhaustive record search a sufficient factual basis for the plea to meet the requirements of *In re Keene, supra,* and *State v. Newton,* 87 Wn.2d 363, 371, 552 P.2d 682 (1976). As the court said in *Keene,* the factual basis required by CrR 4.2 must be developed on the record at the time the plea is taken. *See Santobello v. New York,* 404 U.S. 257, 261, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971); *McCarthy v. United States,* 394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969).

In the statement of defendant on a plea of guilty, Mr. Teems admits,

I went into a house uninvited for the purpose of simple assault as the party involved has been assaulting others for the past years and did not pay for the crimes appropriately.

---

[1]Unlike the defendant in *Keene,* however, Mr. Teems did not admit—nor was he asked—if the statements made were true or whether he understood the information in the statements except for those matters dealing with the sentencing discretion of the court.

While his statement satisfies at least the "entering or remaining unlawfully" element of second degree burglary,[2] it does not establish that what Mr. Teems intended to accomplish in the house was, indeed, simple assault[3] let alone a crime; nor does the prosecutor's recitation of the facts he would establish to prove the offense.[4] However, in a colloquy with the court, Mr. Teems said:

And I might also add, I have never hurt anybody in my life, except in self–defense, and *I had no intentions to* [sic] *hurting the Parrishes to the extent of hospitalization. I figured a black eye, maybe.*

(Italics ours.) His admission of his intent to commit an assault upon his victims establishes the other necessary element of second degree burglary. That conviction is affirmed.

Despite the failure of Mr. Teems' statement to provide

_____

[2]Second degree burglary is defined by RCW 9A.52.030(1):

"A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle."

Entering or remaining unlawfully is defined by RCW 9A.52.010(3):

". . . A person 'enters or remains unlawfully' in or upon premises when he is not then licensed, invited, or otherwise privileged to so enter or remain."

[3]Simple assault is defined by RCW 9A.36.040(1):

Every person who shall commit an assault or an assault and battery not amounting to assault in either the first, second, or third degree shall be guilty of simple assault.

Mr. Teems' statement he intended to commit a simple assault does not provide any facts from which the court could conclude the intended conduct would amount to simple assault or any other crime.

[4]In explaining the circumstances surrounding the offenses, the prosecutor only related how Mr. Teems was apprehended. The prosecutor attempted to supplement the record by stating the trial court had earlier presided over, among other proceedings, a CrR 3.5 hearing involving statements made by Mr. Teems. The prosecutor has not furnished us with a copy of those proceedings so we cannot determine whether they would assist in developing a factual basis for the plea.

The trial court referred to the testimony of witnesses at the pretrial hearings, and we are convinced it was well aware of the earlier proceedings. As we note later in this opinion, we need not order transcription of those matters to find a factual basis for Mr. Teems' plea.

requisite facts to support the assault conviction,[5] we also find a sufficient factual basis in the record at the time the plea was made. Although the factual recitation by the prosecutor connects a shotgun used in the crime to Mr. Teems, once again, by itself the recitation does not show facts necessary to support the conviction. However, in a later colloquy with the court, the prosecutor noted:

> During the struggle, and without Mr. Parrish producing any gun, the safety was taken off the gun by Mr. Barnhart [Mr. Teems' accomplice and codefendant], the gun was fully loaded, all that it would have taken to have fired it was a pull of the trigger. It was aimed at Mrs. Parrish.

We also find a sufficient factual basis for affirming the assault conviction.

Notwithstanding our affirmance of Mr. Teems' plea, we feel compelled to comment on the manner in which the plea was taken. Although the trial court need not orally inquire of the defendant's understanding of his statement on a plea of guilty, *see In re Keene, supra,* we feel that the time taken to give an oral recitation of all the necessary facts by the prosecutor is not an onerous task to support a plea, and when affirmed orally on the record by the defendant, a knowledgeable plea is virtually guaranteed. Then, the defendant can hardly complain that he was unaware of the nature of the offense with which he was charged and for which he was convicted.[6]

---

[5]Second degree assault is defined in pertinent part by RCW 9A.36.020:

"(1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

". . .

"(c) *Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm; or*

"(d) Shall knowingly assault another with intent to commit a felony." (Italics ours.)

[6]We recognize in accordance with *State v. Newton, supra,* at pages 369–70, the requisite factual basis may be established from any reliable source including the defendant's admissions, the prosecutor's recital of evidence he will offer, signed statements of witnesses or the presentence report. *But see State v. Iredale,*

Furthermore, such a recitation eliminates the need for an exhaustive record search[7] to confirm the voluntariness of a plea and lessens the risk that a truly valid plea will be upset because of an apparently inadequate record at the time the plea was taken. Indeed, it is likely that such a practice will reduce, if not eliminate, costly prosecutorial, trial and appellate court time spent in collateral attacks on valid guilty pleas. Likewise, a simple recitation of the necessary facts will not require costly transcription at state expense[8] of lengthy proceedings only to find that an exhaustive, line–by–line record search is needed to affirm a valid guilty plea. While we recognize the tremendous burden the growing number of criminal cases places on both prosecutors and trial courts, we note that burden is increased when we are asked in collateral proceedings to determine the voluntariness of guilty pleas. Thus, we recommend that trial judges adopt the procedure of requiring at least an oral recitation of the underlying facts supportive of the charge at the time a guilty plea is taken. An affirmance of the facts should be requested from the defendant;

---

16 Wn. App. 53, 55–57, 553 P.2d 1112 (1976). For a thorough treatment of cases considering the nature of matters which may be used to establish an adequate factual basis, *see* J. Bond, *Plea Bargaining and Guilty Pleas,* §§ 3.55 *et seq.* (1978).

[7]Here the report of proceedings of the plea taking and arraignment consists of 44 pages. Statements in the record which establish the factual basis are scattered throughout the report. Only a severely focused reading of the report reveals the sufficiency of facts before the court. As the court observed in *State v. Iredale,* 16 Wn. App. 53, 61, 553 P.2d 1112 (1976):

> The matters elicited by such interrogation [of the defendant], *when coupled with other reliable information available at the time the plea is offered,* will provide the necessary factual basis for the plea. Further, the trial court will thereby develop a more complete record in support of its determinations if there should be a later post–conviction challenge to the plea's acceptance. [Citations of authority.]

[8]The invoice of the court reporter who prepared the transcript at state expense in this matter requests $112.50 for her transcription. If the report of proceedings of pretrial matters had been necessary to establish the factual basis (assuming those matters could be so used), the cost of those collateral proceedings to the state taxpayer would be significantly greater.

if defendant refuses to affirm, inquiry should be made of his reasons; if he stands mute, so be it.

Nonetheless, we find Mr. Teems' plea valid. Accordingly, his complaints about a confession, search and seizure and pretrial release are waived. *See Garrison v. Rhay, supra; McMann v. Richardson, supra.* His allegations about the competence of his lawyer are not well taken. It appears the plea was taken in exchange for the prosecutor's decision not to seek the enhanced penalty for Mr. Teems' armament with a firearm. At the plea hearing, Mr. Teems' counsel argued for his release and attempted to explain how his client became involved in the crime. There is nothing in the record to support Mr. Teems' allegation of incompetent counsel.

The petition is dismissed.

MUNSON and ROE, JJ., concur.