[No. 4619-2-III. Division Three. February 11, 1982.]

*In the Matter of the Personal Restraint of*
BRUCE TAYLOR, *Petitioner.*

*John H. Browne,* for petitioner.

*John M. Lyden, Prosecuting Attorney,* for respondent.

McINTURFF, C.J.—Bruce Taylor seeks relief from a life sentence imposed on his plea of guilty to first degree murder.

According to the report of the presentence investigator, Mr. Taylor was contacted in the spring of 1977 by Jeffrey

Boston who asked Mr. Taylor to assist him in finding someone to undertake a contract killing. Mr. Taylor was alleged to have made the necessary contact and payments to the assailant. The presentence report also indicated Mr. Taylor "cased" the victim's residence, drew a map of her home for assailant and purchased firecrackers which were used to cover the sound of gunshots on the date of the murder. The presentence investigator also reported that following the killing, the assailant went to Mr. Taylor's home and gave him the weapon which he and another codefendant later buried. Mr. Taylor also was alleged to have destroyed the weapon at a later date.

The investigator reported that Mr. Taylor's version of the offense was that he was coerced into cooperating in the killing because shortly after his contact with one of the codefendants, he received pictures of his family and a message saying if he did not go along with the plan, some of his family would be killed. According to the presentence investigator, Mr. Taylor said he was forced to be within a few feet of the house at the time of the killing and that he observed one of his codefendants enter the house. Mr. Taylor told the investigator he heard two shots and then saw the codefendant leave. He confirmed the State's version that following the killing, he and his codefendants returned to his house and later buried the assailant's clothing and the weapon.

On July 29, 1977, Mr. Taylor was charged by information with murder in the first degree, and on September 1, 1977, the prosecutor filed his notice of intention to request a proceeding to determine whether the death penalty should be imposed. In an undated memo to the codefendants and their attorneys the prosecutor offered, in exchange for their guilty pleas, to withdraw the charge of aggravated first degree murder and substitute in its place an information charging first degree murder without a request for a jury consideration of the death penalty or mandatory life imprisonment. The prosecutor indicated he would not further reduce the charges and that the offer to Mr. Taylor

would be open until March 25, 1978. On March 21, 1978, the prosecutor moved to substitute the information; on March 28 Mr. Taylor entered his plea of guilty, and the prosecutor's motion was granted. It is from that plea Mr. Taylor seeks relief.

Mr. Taylor contends he was denied the effective assistance of counsel and that his plea was not voluntarily, knowingly and intelligently made because prior to and during the entry of his plea he was not adequately informed of: (1) every critical element of the crime for which he was charged; (2) his constitutional right to remain silent; (3) his plea constituted a waiver of all his constitutional rights; (4) that the result of his plea would be the imposition of a mandatory minimum sentence; (5) he was giving up his right to appeal and (6) there was no factual basis for the plea of guilty on the record at the time the plea was entered.

Although we have little doubt about the voluntariness of Mr. Taylor's plea,[1] we are constrained to grant his petition because the record fails to contain a sufficient factual basis to support Mr. Taylor's plea.

■ The necessity for the record to contain a factual basis for a guilty plea is as much a constitutional requirement as it is mandated by the applicable guilty plea rule. CrR 4.2(d).[2] *See In re Keene*, 95 Wn.2d 203, 205, 622 P.2d 360 (1980).[3] As the court said in *Keene*, quoting from

---

[1] Contrary to Mr. Taylor's assertions, the trial court advised him of the consequences of his plea as required by CrR 4.2(d), and Mr. Taylor signed a statement in conformance with CrR 4.2(g) which described those consequences.

[2] CrR 4.2(d) provides:

"The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

[3] The court dismissed Mr. Keene's complaints about the trial court's failure to comply with the plea–taking rule (CrR 4.2) as barred by his failure to appeal. Nonetheless, the court granted the petition for failure of the record to show a factual basis for the plea. Thus, the factual basis requirement must be founded

*McCarthy v. United States,* 394 U.S. 459, 466, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969), a guilty plea cannot be truly voluntary "'unless the defendant possesses an understanding of the law in relation to the facts.'" *In re Keene, supra* at 209. While at one time the necessary factual basis for the plea could be furnished from any reliable source entirely apart from the defendant's admissions, as, for example, a presentence report, *see State v. Newton,* 87 Wn.2d 363, 370, 552 P.2d 682 (1976), it is now clear that the facts must be developed on the record at the time the plea is taken and may not be deferred until sentencing. *See In re Keene, supra* at 210.[4] Furthermore, the factual basis requirement is not satisfied unless there is sufficient evidence for a jury to conclude the defendant is guilty even though the court need not be convinced of the defendant's guilt beyond a reasonable doubt. *See State v. Newton, supra; State v. Durham,* 16 Wn. App. 648, 653, 559 P.2d 567 (1977).

The necessity for the requirement is set out in the following passage from *In re Keene, supra* at 209:

> The judge must determine "'that the conduct which the defendant admits constitutes the offense charged in the indictment or information . . .'" Requiring this examination protects a defendant "'who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *McCarthy,* at 467 (quoting Fed. R. Crim. P. 11, Notes of Advisory Committee on Criminal Rules). Under rule 11, the "judge must develop, *on the record,* the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge." *Santobello v. New York,* 404 U.S. 257, 261, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971).

---

upon the constitutional need for a voluntary plea. *See In re Myers,* 91 Wn.2d 120, 587 P.2d 532 (1978).

[4]The *Keene* court cited with approval and adopted the reasoning of *State v. Iredale,* 16 Wn. App. 53, 59–60, 553 P.2d 1112 (1976), that the factual basis must appear on the record at the time the plea is taken notwithstanding the language to the contrary in *State v. Newton, supra* at 370.

We have on several occasions discussed the requirement of a sufficient record to support a guilty plea. *See In re Teems,* 28 Wn. App. 631, 626 P.2d 13 (1981); *In re Bryan,* 24 Wn. App. 426, 601 P.2d 969 (1979); *In re Lundeen,* 20 Wn. App. 68, 578 P.2d 552 (1978).[5] The constitution aside, the interests of society and the commencement of rehabilitation occurs when a defendant pleads guilty—when there is recognition by him that his conduct has violated society's proscriptions.

The defendant's understanding of the nature of the charges against him is assured by his acknowledgment that he received a copy of the information and that he read and understood it. *See In re Keene, supra* at 208–09. Despite an arguably internal inconsistency within *Keene,*[6] a knowledge of the statute the defendant is accused of violating does not satisfy the constitutional requirement that the record contain a factual basis for the plea. If knowledge of the offense coupled with a plea of guilty "as charged in the information" was enough to support a voluntary plea, there would be no necessity for the record to show a factual basis for the guilty plea.

Instead, as the *Keene* court emphasized, the factual basis requirement helps guarantee a truly knowledgeable and voluntary plea. It projects the admitted misconduct against the backdrop of the violated statute, allowing a thorough and final check on the understanding of the defendant. The societal concern that its laws have been violated and that the defendant before the court is admitting his transgression also is satisfied. The defendant's first step on his journey toward potential rehabilitation—admission of his wrongdoing—has also been taken. Finally, the danger of

---

[5]In fairness to the trial court, the development of the law concerning the need for a factual basis is a recent one.

[6]The *Keene* court appears to find in Mr. Keene's admission that he was pleading guilty "as charged" a sufficient factual basis for finding the element of intent to injure or defraud. A court probably could find the requisite intent from the facts provided by Mr. Keene so that part of the *Keene* decision may be dicta.

overturned pleas and prosecutions frustrated by the passage of time and fading witnesses' memories is significantly lessened.

Once again, we note the factual basis may be satisfied by a recitation of facts the prosecutor would prove at trial. Where the prosecutor's factual statement is orally acknowledged by the defendant or where the court orally interrogates the defendant concerning his conduct, the constitutional requirements are satisfied and both society and the defendant are better served. Where, however, the court relies only on the written statement of the defendant on the guilty plea form, it must insure the facts admitted amount to the violation charged. Anything less endangers the finality of the plea.

Applying *Keene* and the cases and rules upon which it is based, Division Two of our court in *State v. Powell*, 29 Wn. App. 163, 627 P.2d 1337 (1981), recently set aside the guilty plea of a defendant charged with first degree murder. There, the only factual basis made on the record at the time the plea was taken was the defendant's statement taken from his statement on plea of guilty pursuant to CrR 4.2. The defendant admitted, "'I did participate in the 1 [degree] murder of Charles Allison.'" The court noted that during the colloquy between the trial judge and the defendant, no attempt was made to orally elicit a description of the defendant's acts or state of mind which resulted in the charge to which he pleaded. In addition, the court found defendant's written statement to be a mere conclusion of law which failed to set forth any of the elements from which a jury could have found him guilty of first degree murder.

Regrettably, the same analysis applies here. The only factual basis on the record to support Mr. Taylor's guilty plea is his statement, "I was directly involved in the planning, carrying out the plan, and aftermath of the murder of Myrtle Boston, which occurred July 4, 1977." Because of the statement's failure to set out the elements of the crime to which Mr. Taylor pleaded guilty and because of the fail-

ure of the record at the time of the plea hearing to provide any factual basis indicating an awareness of the nature of the charge, the plea was not voluntary. Therefore, we grant the petition, vacate the judgment and remand the matter to the Superior Court for Asotin County for the entry of a new plea.

MUNSON, J., concurs.

GREEN, J. (dissenting)—The majority holds Mr. Taylor's guilty plea was not voluntary because the record established at the hearing on the plea failed to provide any factual basis upon which the judge could rely, other than the statement made by Mr. Taylor in his own words, which failed to set out the elements of the crime to which he pleaded guilty. I disagree.

In *In re Keene*, 95 Wn.2d 203, 210, 622 P.2d 360 (1980), the only information supplied to the judge for his determination as to whether a factual basis for the petitioner's guilty plea existed was the statement made by the petitioner in his own words as to what he did that resulted in his being charged with the crime. The purpose of the petitioner's statement in his own words is "'to aid the trial court in determining if a factual basis for the plea exists.'" *In re Keene, supra* at 210; *State v. Newton*, 87 Wn.2d 363, 371, 552 P.2d 682 (1976). Even though the court in *Keene, supra* at 208, stated the element of intent to injure or defraud is a "critical element" of the crime of forgery, the statement made by petitioner Keene did not contain anything regarding the element of intent.[7] Yet, the Supreme

---

[7] "The Court has asked me to state briefly in my own words what I did that resulted in my being charged with the crime in the information. This is my statement: With respect to Count 1 on or about July 16, 1976 while my employer, Ron Lindh, of Capital Printing and Office Supply was on vacation cashed a check in a sum of $100.00 which my employer had left behind for emergency business expenditures. With respect to Count 2 I on or about July 20, 1976 cashed a check which had been drawn on the Pacific National Bank of Washington upon which check the name of my employer, Ron Lindh, had been forged, said check being for the amount of $200.00. With respect to Count 3 on or about July 28, 1976 I cashed

Court affirmed the trial court's determination the petitioner's pleas of guilty on counts 2 and 3 were valid. Thus it appears from the *Keene* decision that the court may consider in making its "factual basis determination" not only the defendant's statement in his own words, but also any documents, including the information, made part of the record, incorporated by reference or otherwise, at the time the guilty plea is entered.

Furthermore, I believe the statement made by Mr. Taylor in his guilty plea—"I was directly involved in the planning, carrying out the plan, and aftermath of the murder of Myrtle Boston, which occurred July 4, 1977"—unlike the statement made by the defendant in *State v. Powell*, 29 Wn. App. 163, 627 P.2d 1337 (1981),[8] is more than a mere conclusion of law; it is an admission of fact. RCW 9A.32-.030(1) provides:

> A person is guilty of murder in the first degree when:
> (a) With a premeditated intent to cause the death of another person, he causes the death of such person or of a third person; . . .

Mr. Taylor's statement admits to a preconceived plan to commit murder, which satisfies the element of premeditated intent. The remainder of Mr. Taylor's statement contains the other necessary elements of first degree murder. Consequently, in my view, Mr. Taylor's guilty plea is valid; I would affirm his judgment and sentence, and deny his petition.

---

a check drawn on the Pacific National Bank of Washington upon which check the name of Ron Lindh as drawer had been forged, said check being in the amount of $1,000.00." *In re Keene, supra* at 209–10.

[8] In *State v. Powell, supra* at 165, the defendant stated:
"'I did participate in the 1 [degree] murder of Charles Allison.'"