[No. 10449-7-I.   Division One.   October 12, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. CLARENCE A. RIGSBY, *Appellant.*

*Anna Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

SCHUMACHER, J.*—Clarence Rigsby appeals from a finding that he is a habitual criminal. We hold that the State failed to establish the constitutional validity of one of his prior convictions and reverse.

In March 1981, Clarence Rigsby was found guilty of two counts of first degree robbery (counts 1 and 4), two counts of second degree assault (counts 2 and 3), one count of first degree burglary (count 5), and one count of taking a motor vehicle without permission (count 6), all while armed with a deadly weapon. In April 1981, Rigsby was tried on a habitual criminal allegation, which was based on the March 1981 felonies as well as a 1973 California conviction for second degree robbery and a 1977 California conviction for first degree robbery. After trial, Rigsby was declared a habitual criminal. The trial court later sentenced appellant to concurrent life sentences for each felony for which he had been convicted. Rigsby appeals the habitual criminal finding.

In order to successfully prove a habitual criminal finding, the State must establish beyond a reasonable doubt that a defendant has three felony convictions. RCW 9.92-.090. The prior convictions, if based on guilty pleas, must be based on knowing, intelligent and voluntary pleas "entered after disclosure of the nature and consequences of the offense". *State v. Holsworth,* 93 Wn.2d 148, 159, 607 P.2d 845 (1980). In order to make a constitutionally valid plea, the defendant must be aware that he is waiving his rights to remain silent, to confront his accusers, to a jury

---

*Judge John W. Schumacher is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150 and CAR 21(c).

trial, and to know the nature of the charges against him and the consequences of the plea, including possible sentencing alternatives and possible maximum or mandatory minimum terms. *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969); *Henderson v. Morgan*, 426 U.S. 637, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976); *In re Hews*, 108 Wn.2d 579, 589, 741 P.2d 983 (1987); *Holsworth*, at 153–57; *In re Hilyard*, 39 Wn. App. 723, 727, 695 P.2d 596 (1985).

In this case, the State relied on two prior California convictions in proving the habitual criminal allegation. In 1973, Rigsby pleaded guilty to second degree robbery and in 1977 he also pleaded guilty to robbery.[1] In support of these convictions the State produced the information, an abstract of judgment and a transcript of the plea hearing in each case. Rigsby challenges both pleas, contending that neither meet constitutional standards. Because of our disposition of the case, we only consider the validity of Rigsby's 1973 plea.[2]

Rigsby first contends that the plea was not voluntary because he was not informed of the nature of the crime to which he was pleading guilty or the acts which the State alleged constituted the offense.

> "An explanation of the elements of the charge helps to assure that the defendant fully appreciates the nature of the offense to which the plea is tendered. Since a guilty plea is a formal admission of all elements of the charge, a defendant, in fairness, should be formally advised of the elements before the plea is accepted."

2 W. LaFave & J. Israel, *Criminal Procedure* § 20.4, at 642 (1984) (quoting American Bar Ass'n, *Standards for Criminal Justice* § 14.1–4(a)(i), at 14.23 (2d ed. 1980)). While notice of every element of an offense may not be constitu-

---

[1] It was not contested that robbery under California Penal Code section 211 is equivalent to a felony in Washington.

[2] The State must establish the validity of three felony convictions in order to meet its burden of proof in a habitual criminal proceeding. As we determine the 1973 plea does not pass constitutional muster, we do not consider the validity of the 1977 plea.

tionally required, there must be notice of the critical elements of the offense. *Henderson,* 426 U.S. at 647 n.18. *Henderson* noted that the record usually contains either an explanation of the charges by the trial judge or a representation by defense counsel that he has explained the nature of the offense to the defendant. *Henderson,* at 647.

Here, there was neither. The 1973 information charged that the State of California accused Rigsby "of a felony, to–wit: a violation of California penal code Sec. 211 (Robbery) in that, on or about [October 2, 1972] . . . [he] did rob Kaiser Hospital . . . of $6,000 . . ." The transcript of the plea hearing reflects the following:

> THE COURT: How do you plead to information number 55033, which alleges a violation of penal code section 211, to be treated as burglary in the second degree—I'm sorry—robberty [*sic*] in the second degree, in that on the 2nd of October, 1972, you did rob the Kaiser Hospital of the sum of $6,000.00, guilty or not guilty?
> DEFENDANT RIGSBY: Guilty.
> THE COURT: All right, are you pleading guilty to both informations, Mr. Rigsby, because in truth and in fact you are guilty?
> DEFENDANT RIGSBY: I am.

There is no indication that in 1973 Rigsby was informed either by the court or his attorney of any of the elements of robbery.[3] *In re Keene,* 95 Wn.2d 203, 209, 622 P.2d 360

---

[3] At the 1981 habitual criminal proceeding, Rigsby testified that he knew what a robbery was. This evidence cannot be relied upon to support a contention that Rigsby knew in 1973 the nature of the crime of robbery. Although *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976) allows the use of extrinsic evidence to establish the validity of pre–*Boykin* pleas, it appears that evidence must have been in existence at the time of the plea hearing, but not made a part of the record at that time. *See State v. Chervenell,* 99 Wn.2d 309, 315–16, 662 P.2d 836 (1983); *In re Bryan,* 24 Wn. App. 426, 601 P.2d 969 (1979). Therefore, Rigsby's testimony at the 1981 hearing does not establish his knowledge in 1973.

Even if the 1981 testimony were relevant, Rigsby's bare statement that he knew what a robbery was would be insufficient to establish that he knew the elements of the crime. Robbery is not a term within the common knowledge of the average person. *See State v. Davis,* 27 Wn. App. 498, 505, 618 P.2d 1034 (1980). It is conceivable that Rigsby only thought he knew the definition of robbery, but that his understanding was incorrect.

(1980). The court did not ask if Rigsby understood the charges against him; even if it had, such an inquiry would not have been sufficient to meet constitutional standards. *United States v. Kamer,* 781 F.2d 1380 (9th Cir.), *cert. denied,* __ U.S. __, 93 L. Ed. 2d 35, 107 S. Ct. 80 (1986); *United States v. Corbett,* 742 F.2d 173 (5th Cir. 1984); 2 W. LaFave & J. Israel § 20.4, at 119 n.43 (Supp. 1987). This failure on the record to establish Rigsby's knowledge of the elements of robbery invalidates the use of the 1973 conviction in the habitual criminal proceeding.

Rigsby also argues that there was no factual basis for the 1973 plea. CrR 4.2(d) requires a trial court to be satisfied that a factual basis for the plea exists. *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976); *Hilyard,* at 727; *see In re Keene, supra.* The establishment of a factual basis for the plea is not a constitutionally based requirement, but is constitutionally significant as it relates to the understanding of the plea. *Hews,* 108 Wn.2d at 592.

It appears there is not sufficient evidence in the 1973 record to establish that there was a factual basis for the plea, *i.e.,* that Rigsby understood the law in relation to the facts for the crime of which he was charged. In *State v. Hystad,* 36 Wn. App. 42, 671 P.2d 793 (1983), the court held that a plea for which the only factual basis was "possession of a controlled substance" is not sufficient, as that phrase is more a conclusion than a statement of fact and did not necessarily establish culpable conduct. *See also In re Taylor,* 31 Wn. App. 254, 640 P.2d 737 (1982); *In re Evans,* 31 Wn. App. 330, 641 P.2d 722, *cert. denied,* 459 U.S. 852 (1982); *cf. State v. Luther,* 31 Wn. App. 589, 643 P.2d 914 (1982). Here, Rigsby pleaded guilty to robbery of the Kaiser Hospital; there is nothing else in the record relating to a factual basis for the plea. This is as conclusory as the plea in *Hystad* and does not establish a factual basis.

Finally, Rigsby contends that the plea was invalid because he was not informed that the State had the burden of proof beyond a reasonable doubt. He has cited no case which directly supports this proposition. A review of *Boy-*

kin, *Holsworth* and *State v. Chervenell,* 99 Wn.2d 309, 662 P.2d 836 (1983) indicates that a defendant must be advised of only the following constitutional rights: the right to remain silent, to confront his accusers and to a jury trial. Although the State's burden of proof is constitutional, *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970), and a right which is waived by pleading guilty, *State v. Tourtellotte,* 88 Wn.2d 579, 583, 564 P.2d 799 (1977) (citing *Santobello v. New York,* 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971)), neither *Boykin* nor its progeny requires express advisement of the State's burden of proof in the plea process.[4]

The 1973 guilty plea was therefore not invalid because of a failure to inform Rigsby of the State's burden of proof. However, because it failed to establish that Rigsby knew the elements of robbery or that a factual basis for the plea existed, the 1973 conviction cannot be used to support the habitual criminal finding. We therefore reverse and remand for resentencing.

COLEMAN and PEKELIS, JJ., concur.

Reconsideration denied November 18, 1987.

---

[4]The "Statement of Defendant on Plea of Guilty" mandated by CrR 4.2(g) contains the advisement "I am presumed innocent until the charge is proven beyond a reasonable doubt or I enter a plea of guilty."