FILED
COURT OF APPEALS
DIVISION II

2015 FEB 18 AM 9: 21

STATE OF WASHINGTON

BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45274-0-II |
| Respondent, | consolidated with No. 45280-4-II |
| v. | |
| JERRY LYNN DAVIS, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Jerry Lynn Davis appeals his conviction of attempted burglary in the second degree, arguing that the trial court erred by finding a factual basis for his guilty plea. In his statement of additional grounds (SAG), Davis further alleges that he received ineffective assistance of counsel before and during the plea proceedings. We affirm his conviction.

## FACTS

The State charged Davis with burglary in the second degree and felony harassment. A few months later, the State charged him in a separate information with trafficking in stolen property in the first degree and theft of a motor vehicle.

Davis eventually agreed to enter an *Alford*[1] plea to an amended charge of attempted burglary in the second degree in the first case, and to plead separately to the amended charge of taking a motor vehicle without permission in the second degree in the second case. The trial court found that a factual basis supported the *Alford* plea and that each plea was entered freely, knowingly, and voluntarily. The trial court imposed concurrent sentences of 40 months on the attempted burglary conviction and 29 months on the motor vehicle conviction.

Davis now appeals his attempted burglary conviction.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

ANALYSIS

I.    FACTUAL BASIS

Davis contends that the trial court erred by finding that a factual basis existed for his *Alford* plea to attempted burglary in the second degree. He adds that because he did not understand that the alleged facts would not support his conviction, his plea was not knowing, voluntary, and intelligent. Because this challenge has constitutional implications, we address its merits for the first time on appeal. RAP 2.5(a)(3); *In re Pers. Restraint of Hews*, 108 Wn.2d 579, 592, 741 P.2d 983 (1987).

A conviction based on a guilty plea that is not knowing and voluntary is constitutionally invalid. *State v. Chervenell*, 99 Wn.2d 309, 312, 662 P.2d 836 (1983). A guilty plea is not truly voluntary "unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969). Toward this end, the trial court must determine that the conduct the defendant admits constitutes the offense charged. *In re Pers. Restraint of Bratz*, 101 Wn. App. 662, 672, 5 P.3d 759 (2000). The trial court's determination that a factual basis exists for the plea does not require that the court be convinced of a defendant's guilt beyond a reasonable doubt, but only that sufficient evidence exists to sustain a jury finding of guilt. *State v. Newton*, 87 Wn.2d 363, 370, 552 P.2d 682 (1976); *State v. Amos*, 147 Wn. App. 217, 228, 195 P.3d 564 (2008), *abrogated sub silentio on other graounds*, *State v. Hughes*, 166 Wn.2d 675, 212 P.3d 538 (2009). In determining factual basis, the court may consider any reliable source of information as long as it is in the record. *Amos*, 147 Wn. App. at 228; *State v. Arnold*, 81 Wn. App. 379, 382, 914 P.2d 762 (1996).

2

In entering his *Alford* plea, Davis did not admit to committing attempted burglary in the second degree but acknowledged that a jury could find him guilty based on the facts set forth in the probable cause statement. That statement alleged that the victim saw Davis and two accomplices approach the victim's U-Haul, where the victim stored car parts. Davis and another man opened the back of the U-Haul and pulled out a radiator and two buckets. When the victim yelled at them to get on the ground, Davis tried to pull a metal pipe free before fleeing. A car owned by one of his accomplices was parked at the victim's locked gate. The probable cause statement concluded as follows:

> Per the victim, his property is fenced where it can be fenced, and there is a steep natural barrier that cannot be fenced. The U-Haul was parked within the fenced area. The gate to the fence is locked and there was a no trespassing sign posted right where the defendants' vehicle was parked.

Clerk's Papers at 4.

"A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building other than a vehicle or a dwelling." RCW 9A.52.030(1). In addition to its ordinary meaning, "[b]uilding" includes "any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale, or deposit of goods[.]" RCW 9A.04.110(5). A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he takes a substantial step toward committing that crime. RCW 9A.28.020(1).

Davis contends that the facts in the probable cause statement were insufficient to show that he entered or attempted to enter a building because the victim's property was not a fenced area under RCW 9A.04.110(5). We reject this contention. Davis entered an *Alford* plea that permitted the trial court to rely on the probable cause statement in finding a factual basis for the plea. That statement clearly provided that the U-Haul was parked in a fenced area. Therefore, we find that a sufficient factual basis exists for Davis's plea to attempted burglary in the second degree and we reject his challenge to the validity of his plea.

II.     SAG

In his SAG, Davis argues that he received ineffective assistance of counsel when his attorney did not investigate the facts in the probable cause statement supporting his attempted burglary charge. Davis contends further that his attorney did not depose and subpoena key witnesses.

A defendant whose guilty plea was validly entered generally waives complaints about alleged errors that occurred before entry of the plea. *Garrison v. Rhay*, 75 Wn.2d 98, 101, 449 P.2d 92 (1968); *In re Pers. Restraint of Teems*, 28 Wn. App. 631, 637, 626 P.2d 13 (1981). We note further that when Davis pleaded guilty, he acknowledged that he was waiving his right to call witnesses to testify on his behalf. Having upheld the validity of Davis's plea and its underlying factual basis, we need not consider his claim of ineffective assistance of counsel.

4

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Melnick, J._
Melnick, J.

We concur:

_Worswick_
Worswick, P.J.

_Sutton, J._
Sutton, J.