[No. 29624. Department Two. October 1, 1945.]

THE STATE OF WASHINGTON, *Respondent*, v. LELAND
STANFORD JOHNSON, *Appellant*.[1]

*E. K. Marohn,* for appellant.

*Lloyd Shorett* and *John J. Kennett,* for respondent.

BLAKE, J.—Defendant was charged in one information,
but in separate counts, with the crimes of assault in the

[1]Reported in 162 P. (2d) 440.

second degree and sodomy. He was found guilty on both counts. From judgment and sentences rendered on the verdicts, he appeals.

His assignments of error present two questions: (1) whether the offenses charged were properly joined; and (2) whether the court should have instructed the jury on assault in the third degree.

*First.* Appellant moved for a separate trial on each count on the ground that the act of sodomy charged in the second count of the information was not connected with, nor incident to, the assault charged in the first count, and that the crimes were not of the same class.

Remington's Revised Statutes, § 2059 [P. P. C. § 132-13], provides:

"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts; . . ."

In count two, charging the crime of sodomy, it was alleged the act was committed "as a part of the transaction alleged in Count I and connected therewith."

The allegation was fully sustained by the testimony of the complaining witness, which was uncontradicted; indeed, she was the only witness who testified in the case. By allegation and proof, the joinder of the two offenses was brought within the purview of § 2059.

*Second.* The assault was charged under Rem. Rev. Stat., § 2414 [P. P. C. § 113-39], subd. (3), which provides:

"Every person who, under circumstances not amounting to assault in the first degree— . . . Shall willfully inflict grievous bodily harm upon another with or without a weapon; . . . Shall be guilty of assault in the second degree . . ."

In charging the assault, it was alleged in count one that appellant had committed it by striking "with his fists" the complaining witness.

As we understand appellant, he contends: (a) That the

method of the assault—striking "with his fists"—necessarily comprehends assault in the third degree; and (b) that the evidence was insufficient to sustain a conviction of assault in the second degree.

(a) In light of the express terms of the statute, the first contention is untenable. Grievous bodily harm inflicted "with or *without* a weapon" constitutes the offense. (Italics ours.)

Counsel puts much reliance in *State v. Donofrio,* 141 Wash. 132, 250 Pac. 951. The crime charged in that case, however, was under Rem. Rev. Stat., § 2414, subd. (4), under which the offense consists of an assault "with a weapon or other instrument or thing likely to produce bodily harm."

As we read the case, it was simply held that the evidence was such that the jury might have found that the assault charged was committed without the use of a weapon or other instrument. The decision has no bearing upon the charge contained in the information in this case. Remington's Revised Statutes, § 2414, subd. (3), is concerned only with the physical consequences of an assault, while subd. (4) is concerned only with the means by which it is committed.

(b) The complaining witness testified that she had suffered a broken jaw and the loss of three teeth as a result of the assault; that her jaw and teeth were in wire braces for five weeks. The evidence was competent. *Spurrier v. Front St. Cable R. Co.,* 3 Wash. 659, 29 Pac. 346; 15 Am. Jur. 773, § 334. Its weight was for the jury.

That the injuries sustained constituted "grievous bodily harm," is not open to controversy. While the court left that issue to the jury, it might well, under the undisputed evidence, have instructed the jury as a matter of law that the injuries inflicted constituted "grievous bodily harm" under the terms of the statute.

The court did not err in refusing to submit third-degree assault to the jury.

Judgment affirmed.

BEALS, C. J., ROBINSON, JEFFERS, and GRADY, JJ., concur.