[No. 11893–5–I. Division One. October 3, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES EDWARD NORVAL, *Appellant.*

*Charles Stixrud,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Lee D. Yates, Deputy,* for respondent.

RINGOLD, J.—The defendant, Charles Edward Norval, appeals the judgment and sentence entered on his plea of guilty to one count of second degree assault (RCW 9A.36-.020(1)(b)), arguing that his guilty plea was invalid and that the plea judge erred in refusing to allow him to withdraw it. We find no error and affirm.

Norval entered his plea of guilty to the crime of assault in the second degree on December 14, 1981, before Judge Hunter. Norval's statement on plea of guilty read in part as follows:

12. Pursuant to the standards set forth in the case of *North Carolina v. Alford,* 400 U.S. 25 (1970)[1] and *State v. Newton,* 87 Wn.2d 363 (1976), I make the following statement:
I am entering this plea of guilty knowing that the Prosecuting Attorney has prepared an amended information, upon which I would be arraigned at the time of trial, which would amend the charge to include a deadly weapon finding. The Prosecuting Attorney has stipulated that this amended information will not be filed if I enter a plea of guilty to assault in the second degree as charged in the original information. I believe that if I were to take this case to trial it is highly probable that I would be found guilty by a jury and in that case, if the Judge were

---

[1] In *North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970), the United States Supreme Court held that due process permits a defendant to enter a plea of guilty while still maintaining his innocence, in order to take advantage of a plea bargain offered by the State. For such a plea to be constitutionally valid, however, there must be "strong evidence of guilt before the trial court and the plea [must be] 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *State v. Newton,* 87 Wn.2d 363, 372, 552 P.2d 682 (1976), quoting from *North Carolina v. Alford, supra* at 31.

to follow the sentencing recommendations of the Prosecutor, I would be required to serve a minimum term of five years.

Secondly, in the City of Seattle, King County, Washington, on June 24, 1981, at approximately 1:30 [a.m.], I was in the Lions Lair Tavern located at 7406 Aurora Avenue North.

The victim herein, PETER PHELPS, entered the tavern with three companions. They sat down at a table at the far end of the tavern and ordered beer to drink.

One of them produced a large bag of green vegetable matter which I believed to be marijuana. They began smoking this green vegetable matter in the tavern in a cigarette which they passed between themselves. From the odor, I could tell that the substance which they were smoking appeared to be marijuana. They were told on two different occasions by the bartender and by another employee of the tavern to leave the premises.

The victim and his companions did not leave the tavern as requested.

At the request of the bartender, KATHLEEN DAVIDSON, I approached the table where the victim and his friends were sitting. I picked up their pitcher which was nearly empty, thinking that they would leave the premises if they were unable to consume any more beer.

At this time MR. PHELPS and one of his companions jumped up from the table, knocking their chairs over. Both of them approached me and I believed then as I believe now that their approach was for no other purpose than to assault me. I struck MR. PHELPS' companion with the pitcher that I had in my hand, hitting him once in the face. I then noticed that he was grabbed from behind by a tavern employee and wrestled to the ground.

MR. PHELPS continued to advance towards me and I struck him once in the head with the beer pitcher.

I had no intent to inflict any injury on MR. PHELPS and did not consider that the beer pitcher would inflict any such injury. I am right handed and since I was holding the pitcher in my right hand I did not think about it prior to striking MR. PHELPS. I admit striking MR. PHELPS with the pitcher, however, I do not believe that I hit him hard enough to cause the skull fracture.

Thirdly, I believe it is likely that under the facts as stated above, a jury would convict me of the charge of

assault in the second degree and, while I maintain that the action was done in self defense, I wish to take advantage of the Prosecutor's sentencing recommendation for a suspended sentence on a plea of guilty.

THEREFORE, I am entering my plea of guilty to the crime of assault in the second degree.

On February 22, 1982, Norval appeared before Judge Carroll for sentencing. Judge Carroll questioned Norval about the factual basis for his plea of guilty, noting that the record indicated he maintained his innocence. Norval admitted that he struck the victim with the beer pitcher and acknowledged that he and his counsel had gone over the law of self–defense and excessive force. Judge Carroll then inquired as to Norval's present intention to maintain his guilty plea. Norval responded:

I almost feel like I don't have any choice because I don't feel that the State or anybody else has done a proper investigation of this because there was one witness there at the time that this happened as far as I know that was never contacted by the State or has not been brought forward by a witness—as a witness, and she was one of the people that was totally aware of what was going on and the police at the time that they made the report when they came in that night told the witnesses then that were pressing the charges that they'd better get their story straight before they do anything else, and they told the guys there is an extreme possibility with the investigation there could either be an assault charge filed or selling marijuana in the bar filed. The prosecution is taking the attitude I was totally a hundred percent wrong, and those guys have not told the truth about what was going on. With a jury trial, there is a 50–50 chance that it could go either way.

. . .

. . . I don't have the money to locate this other witness or bring them back or continue to pay attorney's fees and things like that and the way the thing stands right now until that other witness can be found and brought back—

. . .

Following a brief recess, Norval moved to withdraw his guilty plea and proceed on a plea of not guilty. The State objected, contending that there were no legal grounds for

withdrawal of the plea. The State also argued that any hearing on the withdrawal of the plea should be before Judge Hunter, the plea judge. The sentencing procedure was continued awaiting disposition of the motion to withdraw the plea. On March 12, 1982, Norval appeared again before Judge Carroll. Another continuance was granted to allow the parties to brief the plea withdrawal issue.

On April 26, 1982, Norval appeared before Judge Hunter, the original plea judge, for a hearing on the motion to withdraw his guilty plea. Norval's attorney at the time of the original plea was called as a witness for the State and testified that he had explained to Norval the nature of an *Alford* plea whereby Norval could plead guilty while still maintaining his innocence. Norval argued that the record showed an insufficient factual basis for the guilty plea, and that the defense was on the verge of locating a witness who had been unavailable previously. Judge Hunter denied the motion to withdraw guilty plea, stating,

> Well, I'm prepared to rule. And I would deny the motion. It seems to me, Mr. Stixrud, that you completely ignore North Carolina against Alford. This was an *Alford* plea. Obviously the defendant is not going to come in and say, "I'm not guilty but my intent was to inflict bodily harm." By the very nature of the *Alford* plea the defendant denies he is guilty, but says, "I'm convinced of the fact the jury would convict me and I want to take advantage of the prosecutor's offer of a reduction in sentence." That's the whole basis of this.
>
> Incidentally I might say in this case the statement of defendant on plea of guilty was not the mimeographed form we usually have. It was carefully prepared. The whole thing was typewritten by Mr. Burke or his secretary. At any rate, Mr. Burke had it prepared.
>
> In addition to the very detailed statement of defendant on plea of guilty I had attached two police reports to some of the witness statements. And as Mr. Burke testified, those were gone over with the defendant before his change of plea. And I'm convinced that there was a sufficient basis to take the plea of guilty on the basis of *North Carolina v. Alford.* And on that basis I took it, and that's the basis which I maintain is proper, and I will

deny your motion to vacate it.

The court entered findings of fact on April 28, 1982, as follows:

That the defendant, although maintaining his innocence, understood the rights he was giving up by pleading guilty on December 14, 1981, to the crime of assault in the second degree.

Finding of fact 1.

That the guilty plea was entered freely and voluntarily by the defendant.

Finding of fact 2.

That on December 14, 1981 at the guilty plea hearing the court considered the statements and representations of counsel, and reviewed police reports pertaining to the incident and found that there was a sufficient factual basis upon which the trier of fact could find the defendant guilty of the crime of assault in the second degree as charged.

Finding of fact 3.

That the defendant has presented no evidence, by testimony or offer of proof, that would demonstrate that a manifest injustice would occur unless defendant's guilty plea were withdrawn.

Finding of fact 4. The court concluded that Norval's guilty plea was entered freely and voluntarily, with full knowledge of his rights, and that Norval failed to meet the burden to establish that his plea should be withdrawn. On May 26, 1982, Judge Carroll entered judgment and sentence on Norval's guilty plea. Norval appeals.

Norval contends that his "equivocal" statement on plea of guilty was not voluntary and must be withdrawn because it did not provide the trial court with a factual basis for the plea, citing *State v. Iredale*, 16 Wn. App. 53, 553 P.2d 1112 (1976). He also argues that the plea was deficient because the trial court made no express finding that a factual basis existed for the plea.

CrR 4.2(d) provides:

The court shall not accept a plea of guilty, without first

determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

CrR 4.2(d) does not require the trial court to make a specific finding at the time the plea is entered that a factual basis exists. *State v. Newton,* 87 Wn.2d 363, 552 P.2d 682 (1976). In *Newton,* the Supreme Court explored the "factual basis" requirement of CrR 4.2(d). The defendant had refused to sign a statement admitting that he committed the crime in the manner charged in the information. The trial court nevertheless permitted the guilty plea. The Supreme Court affirmed, holding that a trial court accepting a plea of guilty may rely on any facts at its disposal, not just the admissions of the defendant, in finding a factual basis for the plea, so long as the material relied upon is made a part of the record. The court stated, "[T]he fact a defendant who desires to plead guilty also refuses to admit guilt does not require a rejection of the plea if the factual basis for the plea can nevertheless be established." *Newton,* at 370–71.

There is sufficient material in the record of the plea proceeding to show a factual basis for the plea. Besides Norval's own statement on plea of guilty, in which he admitted striking the victim on the head with a beer pitcher causing grievous bodily harm, Judge Hunter also reviewed the statements given to police by various witnesses to the crime, and the prosecutor stated on the record what the State would prove in the event a trial were held.

*State v. Iredale, supra,* relied on by Norval, is distinguishable. That case did not involve an *Alford* plea, but an equivocal statement on plea of guilty. Iredale's statement read:

> I was engaged in a fist fight at Loren's Tavern when two other individuals jumped on me. One pulled a knife, so I pulled one also as a matter of self–defense and all three of us received cuts in the melee. I left the scene and I understand that the other two were taken

to the hospital. I did not realize that I had been badly cut until after I left the scene.

*Iredale,* at 54. This statement of facts "was the only source from which the trial judge could determine if there was a factual basis for the plea." *Iredale,* at 57. The plea court questioned Iredale about whether his plea was voluntary and, receiving an affirmative answer, accepted the plea. The Court of Appeals reversed, holding that where an equivocal statement of facts is made, the trial court must inquire into the reasons for the equivocation and ascertain that the plea has a factual basis and is in fact knowingly and voluntarily made with an appreciation for its consequences. *Iredale,* at 60–61.

Even though "[a]n equivocal plea may be an indication the plea is not voluntarily and intelligently made", *Newton,* at 373, in the case at bench the plea was not equivocal. An "equivocal" plea would be one "'of doubtful meaning . . . uncertain as an indication or sign.'" *State v. Smith,* 34 Wn. App. 405, 408, 661 P.2d 1001 (1983), quoting *Webster's Third New International Dictionary* (1971). In the detailed statement on plea of guilty, Norval succinctly stated his reason for pleading guilty: to avoid the possibility of a more severe sentence should the jury find him guilty at trial. Norval's continued assertion of innocence, in this context, does not make his plea equivocal. He voluntarily and intelligently decided to plead guilty for the reason stated, despite the fact that in his opinion he had not committed a crime. Such a plea is proper. *North Carolina v. Alford, supra; State v. Newton, supra.*

The factual basis requirement of CrR 4.2(d) does not mean the trial court must be convinced beyond a reasonable doubt that defendant is in fact guilty. "It should be enough if there is sufficient evidence for a jury to conclude that he is guilty." *United States v. Webb,* 433 F.2d 400, 403 (1st Cir. 1970).

*State v. Newton, supra* at 370. A jury hearing as evidence the facts presented to the trial court during the taking of Norval's plea would have to evaluate Norval's claim of self–defense. But on the evidence presented, that jury could rationally find beyond a reasonable doubt that Norval intended to assault the victim. *See State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). Norval's assertion that he acted in self–defense, when considered with the chances of conviction and his motivation for pleading guilty, does not dilute the factual basis for the plea.

Finally, Norval contends[2] that withdrawal of his guilty plea is necessary to prevent a manifest injustice, citing CrR 4.2(f). A "manifest injustice" is one "that is obvious, directly observable, overt, not obscure." *State v. Taylor,* 83 Wn.2d 594, 596, 521 P.2d 699 (1974). Citing the "comprehensive protective requirements of CrR 4.2(d), (e) and (g)", the Supreme Court has characterized the "manifest injustice" requirement of CrR 4.2(f) as a "demanding standard." The court has set out four situations which would meet the test of "manifest injustice":

> "(1) denial of effective counsel, (2) plea . . . not ratified by the defendant or one authorized [by him] to do so, (3) plea was involuntary, (4) plea agreement was not kept by the prosecution." *Washington Proposed Rules of Criminal Procedure,* p. 50 (1971).

*Taylor,* at 597.

 We hold that Norval has not demonstrated the manifest injustice required for withdrawal of a guilty plea under CrR 4.2(f). He has not shown any of the foregoing circumstances, nor any other circumstances amounting to

---

[2]Norval additionally raises an issue concerning the jurisdiction of the sentencing court with respect to granting motions for withdrawal of guilty pleas. However, he presents no authority or argument respecting this issue in his brief. It will not be considered on appeal. *State v. Kroll,* 87 Wn.2d 829, 558 P.2d 173 (1976).

manifest injustice. It is the nature of an *Alford* plea that the defendant denies his guilt, but chooses a plea bargain rather than a trial. Subsequent regret for this decision is insufficient to mandate withdrawal of the plea under CrR 4.2(f). The trial court did not err in refusing to grant the motion for withdrawal of guilty plea.

We affirm the judgment and sentence.

SCHOLFIELD, J., concurs.

WILLIAMS, J. (concurring)—Norval contends that he should have been permitted to withdraw his guilty plea, arguing that it was invalid because the record does not contain a sufficient factual basis to support it. To the contrary, in a police report before the court at the plea hearing, the victim described what happened after Norval walked up to his table:

> I was quite willing to get up and leave, and I don't remember anybody arguing with him at all, and I remember standing up to get up to leave, and I don't know why he picked me. I was the furthest one away from him, and he just came up to me, and then he . . . I remember seeing [him] swinging at me with this pitcher of beer two or three times, and I crashed into some furniture by the corner . . . I was almost down on the floor or was already down. I couldn't say. That's when he hit me with this pitcher of beer . . . and I believe he grabbed me up. I was in a complete fog. I couldn't talk, and then he pushed me back to the back door, and I remember somebody says "keep on going," and I went out to the parking lot and . . . I was panicked, and I couldn't talk. He just scared the hell out of me, and I'm spouting blood . . .

Three other witnesses described the events similarly. In addition, in his guilty plea, Norval admitted hitting the victim on the head with a beer pitcher.

Because there is sufficient material evidence in the record to establish a factual basis for the guilty plea, the trial court properly exercised its discretion by not permitting Norval to withdraw his plea of guilty. *State v. Newton,* 87

Wn.2d 363, 552 P.2d 682 (1976); *State v. Taylor,* 83 Wn.2d 594, 521 P.2d 699 (1974).