[No. 7761–2–II.   Division Two.   February 1, 1985.]

*In the Matter of the Personal Restraint of*
LORENZO HILYARD, *Petitioner.*

*Lorenzo Hilyard,* pro se.

*William H. Griffies, Prosecuting Attorney,* and *Barbara L. Corey–Boulet, Deputy,* for respondent.

WORSWICK, C.J.—Lorenzo Hilyard has filed a personal restraint petition in which he seeks the vacation of his guilty plea to second degree assault. He contends (1) that he was unaware of the elements of the crime, (2) that a factual basis was not established for the plea, (3) that the court "coerced" him into pleading guilty by agreeing to run his state sentence concurrent with his federal parole revocation, and (4) that he was denied effective assistance of counsel. The third and fourth contentions are patently frivolous and do not warrant discussion. The two others deserve more attention but are also without merit. We deny the petition.

Petitioner was charged with first degree robbery in September 1982. The information was amended to a charge of second degree assault. The amended information alleged that petitioner did "unlawfully and feloniously knowingly inflict grievous bodily harm upon George Ritter". The victim's companion identified petitioner as the man who had confronted them with a demand for their groceries. When Ritter refused, petitioner struck him twice in the face with a closed fist and then took the groceries. The police report indicated that Mr. Ritter, a 68–year–old man, was bleeding heavily from the mouth and that his mouth was cut or torn approximately 2 to 3 inches on both corners and approximately 3 to 4 inches in the middle (*sic*). His wounds required hospitalization and surgery.

Petitioner could have appealed the judgment and

sentence on the circumstances of the taking of the plea, *State v. Saylors,* 70 Wn.2d 7, 422 P.2d 477 (1966), but did not. Therefore, he confronts the rule that a personal restraint petition is not to be used as a substitute for an appeal, except to show constitutional error resulting in actual prejudice. *In re Hews,* 99 Wn.2d 80, 660 P.2d 263 (1983). Such prejudice results from a constitutionally invalid plea. *Hews,* at 88.

Petitioner pleaded guilty to the amended charge of second degree assault as charged in the information, a copy of which he acknowledged receiving. In his own words, he stated he was charged with the crime because he hit Mr. Ritter in the face causing injury. The language of the criminal information, together with his statement on plea of guilty, signed by him in open court in the presence of his attorney, provide prima facie verification of petitioner's understanding of the nature of the charge. *In re Keene,* 95 Wn.2d 203, 208–09, 622 P.2d 360 (1980); *see also State v. Perez,* 33 Wn. App. 258, 654 P.2d 708 (1982). Petitioner has presented no evidence refuting the record to show that he was not sufficiently aware of the essential elements of the crime. *Cf. State v. Taft,* 49 Wn.2d 98, 297 P.2d 1116 (1956) (evidence showed the defendant pleaded guilty under a misapprehension as to the essential elements of the crime, that he had limited mental capacity, and lacked advice of counsel).

The factual basis issue is somewhat more troublesome. The precise question here is not whether petitioner understood the charge, or whether his conduct constituted the offense of second degree assault, but whether the record contains a factual basis for the plea. CrR 4.2(d) requires the judge taking a guilty plea to be "satisfied that there is a factual basis for the plea." The factual basis may be established from any reliable source as long as the material is made a part of the record. *In re Keene,* 95 Wn.2d at 210 n.2, citing *State v. Newton,* 87 Wn.2d 363, 552 P.2d 682 (1976). The trial court may rely, for example, on statements given to the police by witnesses to the crime and the prose-

cutor's affidavit of probable cause. *State v. Osborne,* 35 Wn. App. 751, 669 P.2d 905 (1983); *State v. Norval,* 35 Wn. App. 775, 669 P.2d 1264 (1983). In this case, the prosecutor's "pen report" attached the police report which described the sequence of events, the extent of the victim's injuries, and the evidence against Mr. Hilyard. However, the "pen report" was not part of the record before the court at the plea hearing. A factual basis cannot be established after the plea is taken, such as at the time of sentencing. *In re Keene,* 95 Wn.2d at 210.

The State argues that the plea of guilty to the language of the amended information serves to establish a factual basis for the plea. This contention was rejected in *In re Taylor,* 31 Wn. App. 254, 258, 640 P.2d 737 (1982). In *Taylor,* the court construed *Keene* to mean that

a knowledge of the statute the defendant is accused of violating does not satisfy the constitutional requirement that the record contain a factual basis for the plea. If knowledge of the offense coupled with a plea of guilty "as charged in the information" was enough to support a voluntary plea, there would be no necessity for the record to show a factual basis for the guilty plea.

We disagree with this reading of *Keene,* however.

■ We perceive that *Keene* both recognizes and preserves the rule prohibiting collateral attacks upon guilty pleas based on an alleged violation of CrR 4.2(d). The *Keene* opinion's discussion of the factual basis issue is couched entirely in terms of reference to CrR 4.2(d) and its antecedent, Fed. R. Crim. P. 11, and does not refer to constitutional principles. *See* 95 Wn.2d at 209–10. As previously explained in *Wood v. Morris,* 87 Wn.2d 501, 508–11, 554 P.2d 1032 (1976), CrR 4.2(d) was promulgated—as was the federal rule—to aid the trial judge in his constitutionally required acceptance of a voluntary guilty plea and to insure a complete record of the factors inherent in a voluntary plea. Faithful compliance with the court rules pertaining to acceptance of a plea of guilty will decrease the number of occasions on which a plea must be set aside to

correct the "manifest injustice" of an involuntary plea. *See State v. Taylor,* 83 Wn.2d 594, 521 P.2d 699 (1974). However, CrR 4.2 is not the embodiment of a constitutionally valid plea; strict adherence to the rule is "not a constitutionally mandated procedure." *In re Vensel,* 88 Wn.2d 552, 554, 564 P.2d 326 (1977).

The constitutionally required ingredients of a voluntary plea are these: The defendant's awareness that he is waiving the rights (1) to remain silent, (2) to confront his accusers, and (3) to jury trial; (4) his awareness of the essential elements of the offense with which he is charged; and (5) his awareness of the direct consequences of pleading guilty. *State v. Holsworth,* 93 Wn.2d 148, 153–57, 607 P.2d 845 (1980); *In re Keene, supra.* The duty imposed by court rule that the judge must be satisfied of the plea's factual basis should not be confused with the constitutional requirement that the accused have an understanding of the nature of the charge. *See Henderson v. Morgan,* 426 U.S. 637, 645–47, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976). CrR 4.2(d) is intended simply to enable the judge to verify the accused's understanding of the charge and to make a record thereof. Thus, under the doctrine limiting collateral attacks on pleas that has evolved since *Wood v. Morris, supra,* petitioner has not shown an error of constitutional dimension warranting relief.

This is not to say that a failure to canvass the crime's factual basis cannot sometimes be a factor in finding an involuntary plea. This is not such an instance, however. To recapitulate, petitioner Hilyard was charged with robbing an elderly man of his groceries by striking him in the mouth. There is nothing esoteric about such a charge. Petitioner acknowledged in writing that he had received a copy of the information and was pleading guilty as charged. The information recited that Hilyard "knowingly [inflicted] grievous bodily harm upon George Ritter, a human being." Hilyard's plea statement then was "I hit Mr. Ritter in the face causeing [*sic*] the injury." Hilyard—who was on federal parole for bank robbery at the time—does not claim that he

did not know the meaning of the word grievous. There is no dispute that the wounds suffered by the victim could have been found by the trier of fact to be "grievous bodily harm." *See State v. Johnson*, 23 Wn.2d 751, 162 P.2d 440 (1945). No error of constitutional dimensions inheres in these circumstances. *Cf. State v. Ridgley*, 28 Wn. App. 351, 623 P.2d 717 (accused understood nature of the charge, as shown by his plea to the crime as charged in the information), *review denied*, 95 Wn.2d 1020 (1981); *see also In re Keene, supra.*

Petition denied.

REED, J., concurs.

PETRICH, J. (concurring)—I agree with the majority opinion that the petitioner has not shown an error of constitutional magnitude warranting relief and that the petition should be denied. I disagree, however, with the majority's reasoning.

The majority seems to overlook a fundamental requirement of a constitutionally valid guilty plea, namely, that a guilty plea cannot be truly voluntary "unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969); *State v. Chervenell*, 99 Wn.2d 309, 662 P.2d 836 (1983); *In re Keene*, 95 Wn.2d 203, 622 P.2d 360 (1980). To me this means the defendant must understand that the facts the defendant admits fit the proscription of the criminal act. One can be aware of the essential elements of the charged offense without understanding that the acts he admits may not amount to a crime.

The majority is mistaken when it states that the court's opinion in *In re Keene, supra,* discussing the factual basis issue "is couched entirely in terms of reference to CrR 4.2(d) and its antecedent, Fed. R. Crim. P. 11, and does not refer to constitutional principles." Majority, at 726. *In re Keene* clearly recognizes the rule prohibiting collateral

attack of a guilty plea on nonconstitutional grounds which could have been raised on appeal. It is true that the court discussed at length the requirement of CrR 4.2(d) and its federal counterpart requiring the court to develop on the record a factual basis for the plea and at first blush seems to give the impression that it's equating the rule with a constitutionally mandated procedure. A more careful reading discloses that the court recognized the difference between the rule and the constitutional requirements of a guilty plea. The court was satisfied that the defendant was aware of the essential elements of the offense by his plea of guilty to the crime of forgery as charged in the information. The court then addresses the next step in its analysis of a constitutionally valid plea: whether through being aware of the nature of the charge, the defendant realized that his conduct actually fell within the charge. The court in addressing this issue did not confine itself to the record at the time of the plea as was required by the rule but examined any and all available evidence touching on this question.

> Neither the petitioner's admission, contained in his statement, nor the facts subsequently revealed in the presentence report would support a conviction for forgery. The instrument was neither falsely made nor falsely completed.
>
> The petitioner completed the check. However, he was authorized to do so by Mr. Lindh, his employer, who had signed it. He was also authorized to cash it. What he was not authorized to do was to use the money for nonbusiness purposes. Thus, Mr. Keene's unauthorized personal use of the $100 constituted third degree theft under RCW 9A.56.050, not forgery as defined in RCW 9A.60-.020.

*In re Keene,* 95 Wn.2d at 211. Finding no factual basis the court permitted a collateral attack on constitutional grounds and set aside the guilty plea to the charge of forgery.

Here, although the record at the time of the plea does not provide a factual basis for the plea as required by the

court rule, I am satisfied that a factual basis does exist to satisfy the requirements of a constitutionally valid plea. The "pen report" which is a part of the record here and which is not disputed by the petitioner, adequately establishes a factual basis for the plea.

In conclusion, I believe there must be a showing that a factual basis exists demonstrating that the accused realized that the conduct he admits fits within the proscription of the law before a plea can meet the requirements of a free and voluntary plea under the constitution. However, the constitution does not require, as does the rule, that such a factual basis must appear on the record at the time the plea was entered. Believing that such a factual basis exists here, I join in the denial of the petition.