[No. 20319-3-I.   Division One.   April 24, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID BENN
BAILEY, *Appellant*.

*Patricia S. Novotny, Lenell Nussbaum, Catherine Moore*, and *John Christiansen* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Sally F. Stanfield* and *Cynthia Gannett, Deputies*, for respondent.

WINSOR, J.—David Benn Bailey appeals from his conviction on two counts of first degree stolen property. Bailey contends that the charges should have been dismissed for preaccusatorial delay. We affirm.

In December 1985, Bailey offered to sell undercover Seattle police detectives stolen property. The prosecutor's

office received the case in January 1986. The prosecutor filed an information charging Bailey with two counts of first degree possession of stolen property on August 20, 1986.

On October 28, 1986, Bailey filed a motion to dismiss for preaccusatorial delay. He alleged that he had been prejudiced by the delay because two exculpatory witnesses who had been available at the time of arrest had since died. The court denied Bailey's motion, finding no prejudice to Bailey.

On November 14, 1986, Bailey entered an *Alford*[1] plea of guilty to both charges. Prior to entering this plea, Bailey was given an opportunity to go over a document entitled "Statement of Defendant on Plea of Guilty" with his attorney. This document contains information regarding the defendant's right to a trial and the right to appeal a determination of guilt after a trial. The document states that the defendant gives up these rights if he pleads guilty. Bailey's attorney stated on the record that:

> There's no doubt in my mind Mr. Bailey is quite versed in the law, and we've been dealing with various speedy trial issues and thin[g]s like this, and he definitely understands more so than just about any other client that I've represented—the implications of the waiver, and there's no doubt in my mind that it's a knowing and voluntary waiver.

The trial judge also questioned Bailey regarding his understanding of the consequences of his guilty pleas, and specifically mentioned the right to appeal before he accepted Bailey's guilty pleas.

Bailey entered the type of plea authorized by *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970). Under this case defendants may voluntarily, knowingly, and intelligently plead guilty even if they are unwilling or unable to admit having participated in the acts constituting the crime, in order to take advantage of a plea bargain offered by the State. *Alford*, 400 U.S. at 37; *In re*

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970).

*Montoya,* 109 Wn.2d 270, 277, 744 P.2d 340 (1987); *State v. Norval,* 35 Wn. App. 775, 669 P.2d 1264 (1983). "When a defendant makes an *Alford* plea, the trial court must exercise extreme care to ensure that the plea satisfies constitutional requirements." *Montoya,* 109 Wn.2d at 277–78. We are satisfied from the record that Bailey's *Alford* plea of guilty was voluntarily and knowledgeably given.

■ A voluntary plea of guilty waives all defenses other than that the complaint, information, or indictment charges no offense. This includes the right to complain of the delay between arrest and hearing. *Woods v. Rhay,* 68 Wn.2d 601, 606–07, 414 P.2d 601, *cert. denied,* 385 U.S. 905, 17 L. Ed. 2d 135, 87 S. Ct. 215 (1966). In the instant case, we hold that Bailey's guilty plea waived his right to now complain of the delay between the offense and the filing of the information.

The convictions of both counts of first degree possession of stolen property are affirmed.

GROSSE, A.C.J., and SCHOLFIELD, J., concur.