# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON ,

        Respondent,

v.

ANDRE EDWARD STEWART,

        Appellant.

)
)
)
)
)
)
)
)
)
)
)

No. 69313-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 28, 2014

APPELWICK, J. — Stewart appeals his conviction for assault in the third degree. He argues that his guilty plea was not voluntary, because it did not include the element of criminal negligence. We affirm.

## FACTS

On August 26, 2007, Andre Stewart got into a dispute with his then girlfriend, Christina Evans. The next day Evans called the police to help her get her belongings out of the apartment. When police arrived to assist, she reported that the previous day Stewart had grabbed her and thrown her to the ground. She also reported that she was not injured. The officer took statements, but made no arrests. A week later, Evans called the police to report that she had been suffering pain since Stewart had thrown her to the ground. She had returned to the hospital where it was discovered via x-rays that she had a broken rib. However, according to the affidavit of probable cause, medical records indicated that the there was no evidence of a fracture or a break in the x-rays.

The State charged Stewart with assault in the third degree – domestic violence under RCW 9A.36.031(1)(f). The statute provides that a person is guilty of assault in the third degree if, with criminal negligence, he causes bodily harm accompanied by

substantial pain that extends for a period sufficient to cause considerable suffering. RCW 9A.36.031(1)(f).

Stewart pleaded guilty as charged. Stewart was sentenced on May 12, 2008.

## DISCUSSION

Stewart argues that his guilty plea was not voluntary, because it did not include all elements of the crime charged.[1] Specifically, he asserts that his plea did not demonstrate understanding that, to be guilty of the crime, he must have acted with criminal negligence. He further argues that the court erred in determining that a factual basis existed for his plea.

The Constitution requires that a defendant entering a voluntary guilty plea be aware (1) that he is waiving his rights to remain silent, to confront his accusers, and to a jury trial; (2) of the essential elements of the crime with which he is charged; and (3) of the direct consequences of pleading guilty. In re Pers. Restraint of Hilyard, 39 Wn. App. 723, 727, 695 P.2d 596 (1985). Under CrR 4.2(d), a trial court must be satisfied that there is a factual basis for a defendant's guilty plea. This is a procedural requirement that is not constitutionally mandated. State v. Branch, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996). The trial court is not limited to the defendant's statement, but may look to any reliable source to determine that there is a factual basis for a guilty plea. In re Pers. Restraint of Fuamaila, 131 Wn. App. 908, 924, 131 P.3d 318 (2006).

Stewart's statement in his own words does not alone indicate his awareness of criminal negligence as an element of the crime. But, his plea also reads that "I have

---

[1] The State asks that we refuse to address this issue, because Stewart raises it for the first time on appeal. RAP 2.5(a) grants us discretion to refuse to review any claim of error not raised in the trial court. We decline to do so here.

been informed and fully understand that . . . I am charged with the crime(s) of Assault Third Degree [sic]. The elements of this crime(s) are set forth in the information . . . which is incorporated by reference and which I have reviewed with my lawyer." (Some capitalization omitted.) The information includes all elements of the crime, including criminal negligence. Stewart's plea was not facially invalid.

Furthermore, during the plea hearing, the court asked Stewart, "You're going forward with this plea today to the charge of Assault in the Third Degree. Your attorney has indicated you do understand the elements of the offense. Is that correct?" Stewart replied, "Yes." The court also read Stewart's statement to him and asked if it was true, to which Stewart replied, "Yeah." His statement in his own words read, "That on 26 August 2007, in King County Washington, did [sic] cause bodily harm accompanied by substantial pain that did extend for a period sufficient to cause considerable suffering to Christina Evans." The court properly conducted a colloquy and determined that there was a factual basis for Stewart's plea.

We affirm.

_Appelwick, J._

WE CONCUR:

_Leach, J._

_Dwyer, J._

3