FILED
COURT OF APPEALS
DIVISION II

2015 JUL -7 AM 8: 44

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45795-4-II |
| Respondent, | Consolidated with No. 45868-3-II |
| v. | |
| BOBBY ZIMMERLE, | UNPUBLISHED OPINION |
| Appellant. | |
| In the Matter of the Personal Restraint Petition of | |
| BOBBY ZIMMERLE, | |
| Petitioner. | |

MAXA, J. — Bobby Zimmerle appeals an order denying his motion to withdraw his guilty

pleas to charges of harassment (gross misdemeanor) and third degree assault. He argues that

there was an insufficient factual basis for his pleas. Zimmerle also filed a personal restraint

petition (PRP) claiming that he should be allowed to withdraw his guilty plea because his

counsel had a conflict of interest, which we consolidated with his appeal. We hold that the trial

court erred in denying Zimmerle's motion because the record does not show a sufficient factual

basis for his guilty pleas. Accordingly, we reverse and remand to the trial court to allow

Zimmerle to withdraw his guilty pleas. Because we reverse on these grounds, we do not address Zimmerle's PRP.[1]

## FACTS

On March 23, 2013, Zimmerle threatened a person with future bodily injury and assaulted a public transit operator. The State charged Zimmerle with harassment (gross misdemeanor) and third degree assault.

Zimmerle informed the trial court that he wanted to plead guilty to both charges. The trial court accepted his guilty pleas, finding that he entered them knowingly, intelligently, and voluntarily. A week later, Zimmerle made an oral request to withdraw his guilty pleas. The trial court denied this motion and imposed standard range concurrent sentences.

Zimmerle subsequently filed a pro se written motion to withdraw his guilty pleas before a different judge.[2] He asserted in his supporting affidavit that he did not understand his pleas and defense counsel lied to him, and he told the judge that he wanted to fire his counsel. The trial court denied the motion.

Zimmerle appeals and petitions for relief.

---

[1] Zimmerle also argued on direct appeal that the trial court violated his right to represent himself, the State violated the plea agreement, and the trial court imposed legal financial obligations without finding that he had the ability to pay them. Because we reverse on other grounds, we do not address these arguments.

[2] Zimmerle's motion referred generally to his guilty pleas. However, his supporting affidavit referred only to his guilty plea to third degree assault. At oral argument, Zimmerle and the trial court again referred generally to his guilty pleas.

ANALYSIS

Zimmerle claims that the trial court violated his due process rights by not ensuring that an adequate factual basis for each plea existed. He argues that his plea statement did not contain the facts necessary to support all of the elements of the offenses. We agree.

We review a trial court's order on a motion to withdraw a guilty plea or vacate a judgment for an abuse of discretion. *State v. Lamb*, 175 Wn.2d 121, 127, 285 P.3d 27 (2012). A trial court abuses its discretion if its decision is manifestly unreasonable or is based on untenable grounds or reasons. *Id.* A decision is based on untenable reasons if it is based on an incorrect standard or if the facts do not meet the requirements of the correct standard. *Id.*

Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent. *State v. Codiga*, 162 Wn.2d 912, 922, 175 P.3d 1082 (2008). The criminal rules reflect this principle by requiring that the trial court not accept a guilty plea unless it is satisfied that there is a factual basis for the plea. *Id.*; CrR 4.2(d). To establish the factual basis, the trial court can rely on any reliable information that has been made part of the record, including the prosecutor's statement of the facts if they are adopted by the defendant. *Codiga*, 162 Wn.2d at 924. The evidence must be sufficient to conclude that the defendant is guilty. *In re Pers. Restraint of Cross*, 178 Wn.2d 519, 526, 309 P.3d 1186 (2013), *cert. denied*, 135 S. Ct. 1701 (2015).

Regarding the harassment charge, Zimmerle admitted in his plea statement that "I made a threat against a person." Clerk's Papers (CP) at 12. However, the plea statement omitted the requirement in RCW 9A.46.020(1)(b) that to be guilty of harassment, the offending conduct must place the person threatened "in reasonable fear that the threat will be carried out." The trial

3

court's colloquy with Zimmerle when it accepted the plea also did not reference the reasonable fear requirement. And Zimmerle adopted no other evidence in the record regarding this requirement. Therefore, there was insufficient evidence in the record to show a factual basis for Zimmerle's guilty plea to the harassment charge.

Regarding the third degree assault charge, Zimmerle admitted in his plea statement that he "assaulted a public transit employee." CP at 12. However, the plea statement omitted the requirement in former RCW 9A.36.031(1)(b) (2011)[3] that to be guilty of third degree assault, a person must assault a transit employee "while that person is performing his or her official duties." The trial court's colloquy with Zimmerle when it accepted the plea also did not reference the performing official duties requirement. And Zimmerle adopted no other evidence in the record regarding this requirement. Therefore, there was insufficient evidence in the record to show a factual basis for Zimmerle's guilty plea to the third degree assault charge.

Zimmerle's guilty plea, which was on a preprinted form, allowed him to check a box next to the following clause: "Instead of making a statement, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea." CP at 12. Checking that box may have allowed the trial court to determine a factual basis for all the elements of the charges against Zimmerle. However, Zimmerle did not check that box.

---

[3] RCW 9A.36.031 was amended in July 2013. However, this amendment does not affect the subsection cited. LAWS OF 2013, ch. 256, § 1.

The State notes that the plea agreement acknowledges that the elements of harassment and third degree assault are set forth in the charging document. The State argues that the plea agreement therefore adopted the charging document by reference. However, referencing the elements of charged crimes shows only that Zimmerle was aware of those elements. But that is different than stating a factual basis for those elements.

The State also argues that Zimmerle's argument is inconsistent with *In re Pers. Restraint of Hilyard*, 39 Wn. App. 723, 695 P.2d 596 (1985). In *Hilyard*, we held that the requirement that the trial court be satisfied with a guilty plea's factual basis is based on CrR 4.2(d) and is not the same as the constitutional requirement that the defendant have an understanding of the nature of the charge. *Id.* at 727. And as a result, we denied the defendant's PRP because the alleged absence of a factual basis in the record was not an error of constitutional dimension. *Id.* at 727-28.

However, a PRP requires a showing of constitutional error. *In re Pers. Restraint of Borrero*, 161 Wn.2d 532, 536, 167 P.3d 1106 (2007). Here, *Hilyard* is inapplicable because we are addressing Zimmerle's direct appeal, which involves a different burden. In subsequent cases not involving a PRP, we have invalidated guilty pleas where the plea agreement facts and other facts before the court do not demonstrate an essential element of the charged crime. *E.g.*, *State v. R.L.D.*, 132 Wn. App. 699, 705-06, 133 P.3d 505 (2006); *State v. S.M.*, 100 Wn. App. 401, 413-15, 996 P.2d 1111 (2000).

We hold that because there was no factual basis for Zimmerle's guilty pleas in his plea statement or anywhere else in the record, the trial court abused its discretion in denying Zimmerle's motion to withdraw those pleas. Accordingly, we reverse and remand to the trial court to allow Zimmerle to withdraw his guilty pleas.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

LEE, J.