IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40071-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES EDWARD JACKSON JR, | ) | UNPUBLISHED OPINION |
| Also known as CHARLES EDWARD | ) | |
| JACKSON, CHARLES EDWARD JR | ) | |
| JACKSON, and CHARLES JOHNSON, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Charles Jackson, Jr, appeals his guilty plea to charges of second degree manslaughter and first degree unlawful possession of a firearm, arguing his plea was not voluntary, knowing and intelligent. Specifically, Jackson contends nothing in the plea statement or plea colloquy suggests that he understood the nature of the offenses in relation to the law or facts. We affirm.

BACKGROUND

On March 19, 2022, Charles E. Jackson was arrested and charged with one count of first degree murder. On October 10, 2023, the court granted the State's motion to amend the information to charges of second degree manslaughter and first degree unlawful possession of a firearm. The amended information listed each offense and the requisite elements of the crimes as stated in the applicable criminal statutes.

On the same day, Jackson entered a plea of guilty to the amended charges pursuant to a written plea statement that conformed with CrR 4.2(g). Jackson confirmed that he had read the plea statement with his attorney and did not have any questions.

The plea statement listed the amended charges, but did not set forth the elements for each charge. Instead, the section of the plea statement for listing the elements included the hand written notation, "[a]s Amended." Clerk's Papers (CP) at 118. A section within the plea statement that allows a defendant to make a statement in his own words as to why he was guilty was left blank. Instead, Jackson checked a box next to the following language: "Instead of making a statement, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea." CP at 129. Finally, Jackson checked the box confirming that his lawyer read him "the entire statement above and that the defendant understood it in full." CP at 129. Jackson and his attorney signed the plea statement.

The plea hearing began with the court granting the State's motion to amend the charges. Jackson's counsel confirmed receipt of the amended information and waived formal reading.

Jackson told the court that he completed eighth grade and did not obtain a GED,[1] but denied that he had "[a]ny trouble reading or writing." Rep. of Proc. (RP) (Oct. 10,

---

[1] General Educational Development.

2023) at 4. During the plea hearing, Jackson agreed that he understood each charge and the maximum sentences. Jackson answered yes to each of the court's inquiries into his understanding of his criminal history and the effect of the sentencing ranges based on his offender scores. In addition, Jackson acknowledged that the manslaughter conviction would qualify as a second strike offense and pleading guilty would have collateral consequences.

Jackson denied having anything to ask about the plea statement and stated that he had read it over with his attorney. Finally, on the record, Jackson pleaded guilty to each charge: one count of second degree manslaughter and one count of first degree unlawful possession of a firearm.

The court accepted Jackson's plea, indicating that the probable cause statement provided a factual basis for the plea.

Jackson timely appeals.

## ANALYSIS

Jackson contends that his plea was not knowing, intelligent, and voluntary. Specifically, he argues that the record does not demonstrate that he possessed an understanding of the law as it applied to the allegations in his case. We disagree.

The requirements for a valid plea of guilty to criminal charges are mandated by the Constitution and set forth by CrR 4.2. "Due process requires that a plea must be knowing, intelligent, and voluntary." *State v. Codiga*, 162 Wn.2d 912, 922, 175 P.3d

1082 (2008). The constitution also requires a showing that the defendant understands the essential elements of the offense. *In re Pers. Restraint of Hilyard*, 39 Wn. App. 723, 727, 695 P.2d 596 (1985). Both require that a defendant understand the nature of the charges for which they are pleading guilty. CrR 4.2(d); *Hilyard*, 39 Wn. App. at 727.

The procedures set forth in CrR 4.2 were intended to aid the court in protecting the constitutional right to a voluntary plea. *See In re Pers. Restraint of Keene*, 95 Wn.2d 203, 206, 622 P.2d 360 (1980); *Hilyard*, 39 Wn. App. at 726. The court rule provides that "[t]he court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." CrR 4.2(d). While the rule does not require the defendant to know every element of the crime to which they are pleading guilty, the defendant must be "'aware of the acts and the requisite state of mind in which they must be performed to constitute a crime.'" *Keene*, 95 Wn.2d at 207 (quoting *State v. Holsworth*, 93 Wn.2d 148, 153 n.3, 607 P.2d 845 (1980)).

The mandated form of the statement of defendant on plea of guilty provides additional aides to ensure that a defendant is aware of the nature of the charge. When a defendant "fills out a written statement on plea of guilty in compliance with CrR 4.2(g) and acknowledges that he or she has read it and understands it and that its contents are true, the written statement provides prima facie verification of the plea's voluntariness." *State v. Perez*, 33 Wn. App. 258, 261, 654 P.2d 708 (1982).

Voluntariness is "well nigh irrefutable" when "the judge goes on to inquire orally of the defendant and satisfies himself on the record of the . . . criteria of voluntariness." *Id*. at 262. The inference of a defendant's voluntary plea is strengthened when the defendant signs the plea statement coupled with "a judge's on-record inquiry." *In re Det. of Scott*, 150 Wn. App. 414, 427, 208 P.3d 1211 (2009). When a defendant acknowledges he or she has read, understands, and knows the contents to be true of a written statement of a guilty plea, and the plea is filled out in compliance with CrR 4.2(g), it is prima facie evidence of the plea's voluntariness. *Id*.

Jackson contends that the record does not include a factual basis for the plea and the court did not inquire about his guilty conduct. While a valid plea requires the court to make both determinations, these are different requirements with different purposes. *See Hilyard*, 39 Wn. App. at 727.

Ensuring that the defendant understands the nature of the charges and the consequences of the plea does not require a detailed description of the elements on the record. *Keene*, 95 Wn.2d at 207 ("Apprising the defendant of the nature of the offense need not 'always require a description of every element of the offense.'") (quoting *Henderson v. Morgan*, 426 U.S. 637, 647 n.18, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1996)). However, the defendant "need[s] to be aware of the acts and the requisite state of mind in which they must be performed to constitute a crime." *State v. Holsworth*, 93 Wn.2d 148, 153 n.3, 607 P.2d 845 (1980).

5

Notice of the elements is satisfied by reference to an information that contains the elements. *Keene*, 95 Wn.2d at 208-09. Here, Jackson acknowledged receiving and reviewing the amended information that was filed the same day and contained all the elements of the charged crimes.

The judge must also determine a factual basis for the plea. CrR 4.2(d). This requirement protects a defendant from pleading guilty to a crime when the defendant's conduct does not fall within the charge. *Id*. at 209. The factual basis must be developed on the record. *Id*. "But so long as the documents relied upon are made part of the record, the trial court can rely on any reliable source, including the prosecutor's statement of the facts if adopted by the defendant, to establish that there is a factual basis for the plea." *Codiga*, 162 Wn.2d at 924.

Here, by checking the box on the plea form, Jackson adopted the probable cause statement and indicated that the court could review this document to determine whether there was a factual basis for the plea. The probable cause statement was part of the court's record. The court indicated that it had read the probable cause statement and that the allegations contained therein supported the plea. This was sufficient under *Codiga*. Jackson fails to cite any authority that required the judge to read the probable cause statement into the record under these circumstances.

Finally, Jackson argues that his circumstances of having an eighth-grade education and experiencing housing insecurity overcomes the presumption that his plea was valid.

6

We disagree. Jackson affirmed to the court that he did not have any trouble reading or writing. He also acknowledged reviewing the plea statement with his attorney and did not have any questions for the judge. He fails to point to anything in the record suggesting he misunderstood the nature of the charges, and fails to cite any authority that would support his position.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
                    Staab, J.

WE CONCUR:

_____
    Lawrence-Berrey, C.J.

_____
    Cooney, J.